### JOSIAH BREWER *vs.* HARVEY HOLMES.

When judgment is rendered against a party who had no notice of the pendency of the suit, a review will be granted, on his showing probable grounds of defence.

On a petition for a review, upon the ground that the party had no notice of the original action, evidence is admissible to contradict an officer's return which states that he gave the party a summons for his appearance at court. And though the record shows that the petitioner appeared to the original action, by attorney, evidence is admissible that such appearance was at the request of a third person, and without the petitioner's knowledge.

THIS was a petition for a review of a judgment of the court of common pleas, recovered against the petitioner by default The petitioner alleged that he was out of the Commonwealth, at the time of the service of the original writ, and had no notice of the suit until after the rendition of judgment. The return of the officer, who served the writ, was, that he had "delivered a summons to the defendant for his appearance at court." It also appeared from the record that the petitioner, at the return term, appeared to the action, by attorney, and that the action was continued.

The petitioner offered evidence that he left the Commonwealth, previously to the service of the writ, and did not return until after the judgment. The respondent resisted the introduction of this evidence, insisting that the return of the officer showed that he had delivered a summons to the petitioner personally, and that the return could not, on this petition, be disproved ; but that the petitioner's remedy, if any, was by an action against the officer for a false return.

The petitioner contended that the return did not state explicitly that the officer had delivered a summons to him personally ; and that if the return had so stated, yet he was not precluded by law from showing, in support of his petition, that the return was false.

The petitioner also offered evidence that the attorney entered an appearance in the original action, at the request of the petitioner's brother, who had learned that the action was com-

menced, and supposed that a continuance for one term would be for the petitioner's benefit.

The respondent objected to the reception of this evidence, on the ground that it was a denial of the record which showed that the petitioner appeared to the action.

The evidence, on both points, was received by the court; and the petitioner also introduced strong *primâ facie* evidence of a legal defence to the action.

*Sumner* and *Byington*, for the petitioner.

*Bishop* and *Briggs*, for the respondent.

SHAW, C. J. It may be a doubt whether the strict doctrine of estoppel ought to apply to a case in which the fact is not stated with precise accuracy, and where the return itself is doubtful or ambiguous. But without laying much stress upon this consideration, the court are of opinion, that the rule cannot apply to a proceeding like the present. The power to grant a review is given to the court, in the broadest terms, in all cases, if they shall think it reasonable. Rev. Sts. *c.* 99, § 19. One of those cases may be, where the party has been so trammelled by the application of technical rules, as to have lost the benefit of a trial, which the law intended he should have. Technical rules are framed with a view to promote justice, and secure to parties their rights, and in general they will tend to accomplish that great object. But a general rule may often, in its application to a particular case, work injustice; and one main purpose of equity is to relieve against such operation. Estoppels, for instance, generally apply where a party has admitted some fact to be true, or has assumed and acted upon it as true, or, which is nearly the same, has agreed to consider it as true, whether true or not, or even if he knows that it is not true. As where one agrees to be bail, he is estopped to deny the arrest. *Bean* v. *Parker*, 17 Mass. 591. In all such cases, estoppels tend to promote justice, though they may exclude truth. But it is evident that the general application of these rules may, in some instances, reach a case, where the exclusion of the truth would tend to injustice. Such a rule, therefore, ought not to be acted upon, in a case where a large, equitable, judicial discretion is

given to the court to relieve against a judgment, so far as to allow the parties to be heard, when no trial has been had.

Some illustrations may render this more clear. A party is bound by his agreement made by himself or his attorney in the cause. Suppose an attorney has, in a particular case, consented to a default, and judgment has been rendered. It turns out afterwards, by the clearest proof, if the defendant is not precluded from offering it, that the principal instructed his attorney to appear for him in two causes, to consent to a default in one, and make a defence in the other on the merits. This mistake, without fault of the attorney, is afterwards shown to the court, together with plenary evidence of a good defence. We think the evidence would be admissible, and that it would be the duty of the court to grant a review.

One of the rules of law is, that a party cannot deny the record. In this case, it is shown by the record that the petitioner appeared to the former action by his attorney ; but he has shown, and we think, for the reasons already assigned, it was competent for him to show, that such appearance was made at the request of his brother, without any instruction from the petitioner, and that the latter in fact had no actual notice of the suit.

It is said that the petitioner would have a remedy upon the officer for a false return, and, on showing his defence to the first action, recover back from him the amount he had been compelled to pay. Supposing he could, which may be doubted, the result would be, that the present respondent, the original plaintiff, would have a sum of money, which, in the case supposed, he had no just claim to recover, and the officer would be compelled to pay a like sum, for a slight and perfectly innocent mistake. An officer goes to a house to leave a summons with John Smith ; not knowing the person, he is led to believe, without fault of anybody, that his brother James Smith is the man he is looking for, and he leaves the summons with him and makes his return accordingly. This is a false return. If somebody must necessarily suffer loss, in consequence of this mistake, 't is no doubt right that it should fall on him who made it. But

if it is seasonably discovered, in time to prevent loss to any-body, why should not the remedy be applied, and the rights of all parties be saved ?   The effect of a review will be simply to give the petitioner opportunity to make a defence.   If he cannot do this successfully, the respondent will have his judgment affirmed, with additional interest and costs.   If he has a good defence, the respondent ought not in justice to hold and enforce the judgment he has obtained in the petitioner's absence.   We think the power confided to the court to grant reviews, in all cases where there is reasonable cause, and upon such terms as they deem just, is a highly important one.   It is intended to relieve parties, in particular cases, against the injustice which must almost necessarily arise from the working of a general system ;  and we think it should be exercised, if possible, in such a manner, that whilst it shall prevent injustice and hard-ship in particular cases, it shall not encourage carelessness, ignorance, and general laxity of practice, in the conduct of causes in judicial tribunals.

*Petition granted.*