JUDGE DUVALL
belivered the opinion of the court:
Randall Gordon conveyed to his son William Y. Gordon, by deed dated the 1st day of June, 1836, a tract of land containing 105 acres, for the consideration, as expressed in the deed, “ of the sum of four hundred dollars, to me in hand paid.”
Randall Gordon died intestate in 1853, and this action was brought by one of his children against his administrator and the other children, for a settlement of the estate. Various amended and cross-pleadings were subsequently filed, in one of which it was charged that the conveyance from the decedent to William V. Gordon was intended as a gift or advancement, and that he should be charged with the value of the land at the date of the conveyance; or, if he should refuse to account for the same as an advancement, that he should be excluded from participating in the final division and distribution of the residue of the estate.
William V. Gordon answered, denying that the land in question was conveyed or given to him by way of advancement, but says he purchased “ and paid for it in labor, at a very dear price; that he was about to leave his father and go to the west, where land was cheap, and his father agreed, if he would stay and work for him four years, that he would convey to him the land; that he did the work as stipulated, and the land was accordingly conveyed to him, not by way of advancement, but by way of purchase, which the deed shows.”
A good deal of parol testimony upon this point was introduced, the effect of which is, considered altogether, to demonstrate, beyond any reasonable doubt, that the land conveyed to William .was worth, at the date of the conveyance, not less than $15 per acre; that the services of William were estimated at four hundred dollars, and formed, to that extent, a part of the consideration of the conveyance; and that the residue *287 of the land, or of its value, over and above the $400 thus paid, was intended and accepted as a gift or advancement, in consideration of which William was to come in for no more of the estate. That such was the intention of the parties, and the substance of the arrangement between them, is clearly established by the proof, independently of the declarations of the grantor made subsequently to the execution of the deed. The great disproportion between the actual value of the land and the consideration recited in the conveyance affords of itself a strong presumption in favor of the claim of the appellants.
But the circuit judge was of the opinion that the recital in the deed was conclusive evidence of the value of the land as agreed upon between the parties, and of the consideration upon which the conveyance was made, and that all the parol evidence which conduces to prove a different or additional consideration, was inadmissible, and that the transaction must be regarded as a mere sale and purchase, according to the import of the deed, and not a gift or advancement, in whole or in part. Whether this position is maintainable or not, is the only question to be decided.
Whatever may have been the conflict of authority elsewhere upon this point, the doctrine, as settled by this court in numerous cases, is, that an acknowledgment in a deed of the receipt of the consideration is only prima facie evidence of payment, which may be rebutted by proof aliunde, and that a recital of a particular consideration does not exclude proof of other and consistent considerations. (Trumbo vs. Curtright, 1 A. K. Marshall, 582.) The question was very thoroughly examined in the subsequent case of Gully vs. Grubbs, (1 J. J. Marsh., 387,) in which the general principle is thus stated: “ That wherever a right is vested, or created, or extinguished, by contract or otherwise, and Writing is employed for that purpose, parol testi-timony is inadmissible to contradict the legal and commonsense construction of the instrument. But that any writing which, neither by contract, the operation of law, nor otherwise, vests or passes, or extinguishes any right, but is only used as evidence of a fact, and not as evidence of a contract or right, may be susceptible of explanation by extrinsic circumstances *288 or facts. Thus, a will, a deed, or a covenant in writing, so far as they transfer, or are intended to be evidences of rights, cannot be contradicted or opposed, in their legal construction, by facts aliunde. But receipts, and other writings, which only acknowledge the existence of a simple fact, such as the payment of money, for example, may be susceptible of explanation, and liable to contradiction by witnesses.” It is further held that a deed is not conclusive of every thing which it may contain. For instance, it is not the only evidence of the date of its execution, nor is its omission of a consideration conclusive evidence that none passed, nor its acknowledgment of a particular consideration an objection to other proof of other considerations not incompatible with that named in the deed.
In the case of McCrea vs. Purmort, (16 Wendell, 460,) the authorities upon this subject, English and American, are fully and ably reviewed, and the principle deducible from them is stated to be this: That, according to the American cases, the only effect of a consideration clause in a deed, is to estop the grantor from alleging that the deed was executed without consideration, and that for other purposes it is open to explanation, and may be varied by parol proof.
There has been no adjudication of this court in conflict with the doctrine as-stated. In the case relied upon by the circuit judge, as sustaining his view of the conclusive effect of the consideration clause, it was expressly decided that an absolute conveyance, by a father to a son, of one hundred acres of land, for the consideration of five hundred dollars paid by the grantee, was, under the proof which conduced to show the actual intention of the parties, to be regarded as an advancement as to so much of the land as had not been actually paid for. ([Powell’s heirs vs. Powell's heirs, 5 Dana, 170.) It is true that in the reasoning of the court some casual expressions occur which seem to favor the position contended for; but those expressions certainly should not be regarded as having the effect to unsettle a principle so well established by the previous adjudications referred to. Nor is the principle at all affected by the subsequent case of Clarke vs. Clarke, (17 B. Mon., 706.)
*289 But this case presents a still stronger reason for tbe admission of parol proof, if other reasons were necessary. The appellee in his answer expressly admits that the deed does not truly set forth the consideration. He says that the labor and services rendered by him for his father constituted the consideration of the conveyance, and not the payment of four hundred dollars, as recited. And it has been settled by this court that parol evidence is even admissible to prove an absolute deed to be a mortgage, where the fact is partially admitted by the answer. Upon the same principle we are unable to perceive why parol evidence is not equally admissible to explain the consideration of a deed which the party admits, and endeavors to prove, does not set forth the true' consideration.
But the case requires no aid from this circumstance. We are satisfied that upon the grounds before stated, the parol evidence was competent to prove, and does prove, the transaction to have been an advancement to the extent indicated, and that William Gordon was properly chargeable with the value of the land at the date of the deed, less the four hundred dollars paid by him in labor or services.
The judgment is therefore reversed, and the cause remanded for further proceedings in conformity with the principles of this opinion..