### John W. Hutchinson *vs.* Tobias F. Gurley.

The objection of a variance between the allegations in a petition for a review and the proof at the hearing in the superior court cannot be taken for the first time at the argument in this court upon exceptions.

A review of a judgment rendered by a justice of the peace may be granted on the ground that the party against whom it was rendered intended to appeal and thought he had appealed

Petition to the superior court for a review of a judgment rendered by a justice of the peace, setting forth, as the reason, that the petitioner claimed an appeal, and that there was an appeal from the judgment.

At the hearing, before *Ames*, J., the petitioner put in evidence a copy of the record of the judgment rendered by the magistrate, which did not show that any appeal was claimed, or that there was any appeal. The respondent asked the judge to rule that an appeal or claim of an appeal could only be proved by the record. The petitioner then claimed as a ground for review that he intended to appeal and thought he had appealed; and the judge, being satisfied that this was so, and that he had only failed to have his appeal entered in consequence of a misunder· standing and mistake on his part, ordered a review. The re· spondent alleged exceptions.

*J. P. Jones*, for the respondent.

*W. Howland*, for the petitioner, was not called upon.

Bigelow, C. J. No objection was taken at the hearing of this petition that the evidence offered as a ground for granting a review did not sustain the allegation in the petition. If such objection had been then taken, the petitioner might have had leave to amend. The respondent, by not raising the question of variance at the proper time, must be held to have waived it, because his omission deprived the petitioner of an opportunity to make the necessary amendment.

The evidence offered in support of the prayer for review did not vary or contradict the record. On the contrary, the petitioner admitted that the record was correct, but that through some mistake or inadvertence he omitted to claim an appeal.

This was the ground on which the review was granted. But if the petitioner had sought to show that the record was erroneous, we think such evidence would have been competent on the question of granting a writ of review. *Brewer* v. *Holmes*, 1 Met. 288.                               *Exceptions overruled.*