### ALICE RICE'S G'D'N *v.* LYDIA P. RICE, ET AL.

**Evidence.**

It is always competent to prove that no money was in fact paid, although the party offering the evidence may have given a receipt acknowledging payment.

**Vendor's Lien.**

Where a lien for balance of purchase-money is expressly retained in a conveyance of real estate a subsequent conveyance will not discharge it.

APPEAL FROM BOYLE COURT OF COMMON PLEAS.

February 6, 1880.

OPINION BY JUDGE COFER:

Anderson Rice was not a competent witness to prove the alleged agreement between himself and Thomas A. Rice to credit Alice Rice's interest in the proceeds of the sale with her board. Subsec. 2, Sec. 606, Civil Code, expressly disqualifies him.

His evidence being excluded, there remains nothing to prove that any such agreement was ever made, and as it is not pretended that the balance after deducting the check for $200 was paid in any other way, it is clear that such balance remains unpaid.

Whether the $200 was paid on account of the land is a question not free from doubt, but we incline to the opinion that it was. The

check was made payable to Thomas Rice, and not to Thomas Rice, guardian, which affords some evidence that it was not a payment on account of the land, and especially in view of the fact, shown by the evidence, that Anderson Rice was indebted to Thomas on account of a payment made for him as surety. ·

But Alice's guardian introduced 'the statement of Anderson in evidence, and in that statement he is proved to have said he paid about $200 on the land. This is, we think, sufficient to entitle Mrs. Rice to credit for the amount of the check.

We attach no importance to the charge that Thomas Rice was incapable of transacting business at the time the receipts were given, nor to the evidence on that subject. But it is always competent to prove that no money was in fact paid, although the party offering the evidence may have given a receipt acknowledging payment. *Gordon's Heirs v. Gordon,* 1 Met. 285.

The evidence, excluding the illegal testimony of Anderson Rice, shows affirmatively that only $200 have been paid, and the only remaining question is: Has Alice a lien on the interest in the land formerly owned by her to secure the payment of the balance due? We think she has. A lien was expressly retained, and the subsequent conveyance did not discharge it. Sec. 24, Art. 1, Chap. 63, Gen. Stat.; Sec. 699, Civil Code.

That the record of the case in which the judgment for the sale of the land was rendered is not before this court will not authorize us to presume that the judgment was right. That record cannot be supposed to contain any fact illustrating the issue in this case.

The judgment rendered on the second paragraph of the petition is not before us, but as the appellant is not entitled to a judgment against the sureties for more than $200, and as the claim against them in excess of the amount is wholly inconsistent with the claim asserted in the first paragraph, they may be required to release all of that judgment except $200 before being permitted to take a judgment enforcing the lien on the land.

Judgment *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*Fox & Fox, for appellant.*

*Durham & Jacobs, for appellees.*