PATRICK McNAMARA *vs.* JOHN CARR.

Knox. Opinion February 10, 1892.

*Review. R. S., c. 89, § 1. Attorney.*

</div>

In a petition for the review of an action in which the defendant was absent from the State and had no notice of the suit, but in which an attorney at law appeared and continued to act until judgment was rendered; it is competent for the petitioner to prove by parol that the attorney's appearance was without his knowledge or authority; and if the fact is established the appearance can in no way legally affect him.

Remedial statutes should be liberally construed.

Revised Statutes, c. 89, § 1, which provides that a review may be granted "when a petition for review of an action defaulted without appearance is presented within three years after an officer having the execution . . . demands its payment of the defendant"—does not require that the defendant shall wait until an officer having the execution demands its payment of him, but he may apply for a review as soon as he has actual knowledge of the judgment against him.

ON REPORT.

This was a petition for review and came before the court upon report and exceptions. The exceptions were to the over-ruling of a demurrer to the petition.

The case is stated in the opinion.

*W. H. Fogler*, for petitioner.

*C. E. and A. S. Littlefield*, for respondent.

The right to maintain a petition for review is wholly a statutory one. Review may be granted of right and at the discretion of the court. If of right, it is because of a distinct statutory provision conferring that right. If at the discretion of the court, that discretion is exercised in accordance with and subject to the provisions, specifications and limitations of the statute. The court has no common law power to grant a review, and can only exercise its discretion when authorized by the statute. Otherwise, the statute specifying the different instances and conditions, under which such petitions may be entertained, would be entirely useless. *Pierce* v. *Bent*, 67 Maine, p. 408.

Assuming that the appearance by attorney was unauthorized, it was still an appearance in fact. But if unauthorized, the appearance must have been the result of "fraud, accident, mistake or misfortune," and in such case the petitioner's rights are clearly defined, and a full and adequate remedy provided for him by this same statute.

Appearance by his attorney is conclusive against petitioner. *Simmons* y. *Jacobs*, 52 Maine, 147. Action was not defaulted without appearance.

Statute provides for the special case where payment of the execution issued on the judgment is demanded of the defendant. When so demanded, if the petition is presented within three years of the demand, the review may be granted. The demand on the execution is the fact that authorizes a petition under clause one. If no demand is made, the right to maintain the petition does not obtain. Here not only was no demand made, but as the execution was returned satisfied, none ever would be made. If the demand is not the necessary condition precedent, without the existence of which a petition could not be filed, there is no

limitation of time within which a petition might be brought. If such demand is made the petition must be brought within three years from the demand. At bar it was brought more than seven years after judgment. If so, then it may be brought ten, twenty, or fifty years after judgment, as independently of demand there is no limitation provided for in this paragraph of the statute under which this petition is brought.

Statutes should be so construed as to promote the policy of the law that seeks to limit litigation and quiet titles, as well as the evident intent of this section to fix a limit within which petitions for review can be granted. When the execution is satisfied from the defendant's real estate, as it was in this case, no demand would ever be likely to be made, and to give this clause the construction contended for by petitioner would ignore these considerations.

LIBBEY, J. This is a petition for review and comes before this court on a report of the evidence. So far as important for the decision of this case, the facts proved by the evidence are as follows : On the 27th of August, 1874, the petitioner conveyed to the respondent certain real estate situated in Rockland, with a covenant that the premises were free from incumbrances. In 1878, the petitioner left the State of Maine, and was in the western territories until the 24th day of July, 1885, having no domicile in Maine and no agent or attorney here. May 3, 1880, the respondent commenced an action against the petitioner in the Supreme Judicial Court in Knox county, returnable to the September term. The only service made upon the writ was an attachment of the petitioner's real estate in the county of Waldo, on the 4th day of May, of that year. The claim sued on in that action was for covenant broken in the deed of the petitioner to the respondent before referred to, executed in 1874. The action was entered at the September term, and for some reason the plaintiff had leave to file a new writ, which was filed on the 8th of November, 1880. At the September term, when the action was entered, Mr. Pierce, an attorney at law, appeared and answered to the action for the defendant. He appeared at the

request of one White who, he supposed, had some authority from the petitioner to employ counsel for him. In point of fact, White had no authority to employ Mr. Pierce to appear in the action, and the petitioner had no knowledge of the pendency of the suit, and of course, no knowledge of Mr. Pierce's appearance for him until after he returned to Maine in 1885. At the December term, 1881, the defendant was defaulted by the consent of Mr. Pierce, and judgment was entered against him for the sum of five hundred dollars damages and fifteen dollars and forty-three cents costs. Upon that judgment execution issued January 13, 1882, and was duly levied upon the petitioner's land in Waldo county, appraised at the amount of the execution and costs. At the time of the conveyance by the petitioner to the defendant in 1874, there was an incumbrance by mortgage upon the land, or a part of the land conveyed, and on the 15th day of July, 1875, the respondent paid to the holder of the mortgage seventy-five dollars towards the payment of the mortgage debt. At the time of the rendition of judgment, the mortgage had been assigned by the mortgagee to John McNamara, a brother of the petitioner; so that when judgment was rendered in favor of the respondent in the action on the covenant in his deed he had not redeemed the mortgage, he had not been disturbed in his possession and had paid nothing on account of it except the seventy-five dollars, and that he paid in 1875.

This petition was commenced the 31st day of July, 1889. It is perfectly clear that the judgment obtained by the respondent against the petitioner was most manifestly unjust and in violation of law, for at best, the plaintiff in that action could have recovered as damages no more than the seventy-five dollars and interest, if he was legally entitled to recover that.

But two objections are raised to the maintenance of the right to review on the part of the petitioner. One is that he did not commence his petition for review in season. The other is, that an attorney at law appeared for the defendant in that action and continued to act as his attorney until judgment was rendered. And it is claimed that it is not competent for the petitioner to prove that Mr. Pierce appeared without his knowledge and

authority. But in such a case, we think it well settled that the party for whom the appearance was made may prove by parol that it was without his knowledge or authority, and if the fact is established the appearance can in no way legally affect him. It is not an attempt on the part of the petitioner to impeach the judgment and show it void by parol evidence for the irregularity alleged; but he asks the court to exercise its discretion in permitting him to have an opportunity to be heard upon the matter in issue in the original suit; and for that purpose it is competent for him to show that judgment was rendered on default without service upon him, and without his knowledge, when he was beyond the jurisdiction of the court. *Brewer* v. *Holmes*, 1 Met. 288.

One of the special cases in which a review may be granted, named in the first clause of § 1 of R. S., c. 89, is as follows: "When a petition for a review of an action defaulted without appearance is presented within three years after an officer having the execution issued on the judgment therein demands its payment of the defendant or his legal representative."

The counsel for the respondent claims that the case is not within this provision of the statute, because there has been no demand upon the defendant by an officer having the execution issued on the judgment; and that to bring the case within ‘this provision of the statute the petitioner must wait until such demand is made upon him. We think this is not the fair construction of this statute. It is a remedial statute, designed to give the aggrieved party an opportunity to be heard after full knowledge has come to him of the rendition of the judgment. It should be liberally construed. He may delay his application for review until such knowledge is brought home to him by a demand by an officer having the execution. But we think the fair construction of the statute is, that the defendant against whom a judgment has been rendered in the manner named in the statute, may apply for a review any time within three years after actual knowledge of the judgment against him. He may not wait until the knowledge is communiated to him in the manner named in the statute. But, if he receives actual knowledge

from any other source, we think he may apply for review any time within three years.

It is not for the respondent in this petition to say that the petitioner presented his petition for review too early ; that he must wait until he acquires the knowledge of the wrongful judgment against him in a manner named in the statute. This construction would authorize the plaintiff in such a judgment wrongfully obtained without notice, to wait for years without making a demand on the execution until, perhaps, the defendant loses all the evidence which he might present showing the claim in suit to be unfounded ; or perhaps, until he might die, leaving no means of defense to his legal representatives, and then, the plaintiff might enforce the judgment against his estate.

*Review granted, with costs for the petitioner.*

PETERS, C. J., WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.