The FIRST NATIONAL BANK OF
LA FERIA, Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 15885.

United States Court of Appeals
Fifth Circuit.

June 28, 1956.

C. E. Blodget and J. C. Looney, Edinburg, Tex., for petitioner. Kelley, Looney, McLean & Littleton, Edinburg, Tex., of counsel.

S. Dee Hanson, Lee A. Jackson, Attys., Dept. of Justice, John Potts Barnes, Chief Counsel, Internal Revenue Service, Rollin H. Transue, Sp. Atty., Washington, D. C., Charles K. Rice, Asst. Atty.

Gen., Dept. of Justice, Marvin W. Weinstein, Atty., Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

PER CURIAM.

This petition attacks as erroneous the finding and decision of the Tax Court [1] sustaining the commissioner's disallowance of a part of the amounts claimed by petitioner, under Mimeograph No. 6209, issued Dec. 8, 1947, as deductions, for the years 1947 and 1948, under Section 23(k) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(k), for reasonable additions to its reserve for bad debts.

The claim made by petitioner below, and there disallowed, was that the commissioner acted arbitrarily, or unreasonably, or, at any rate, without authority of law in, first authorizing petitioner to use the bad debt experience of a substituted bank instead of its own, and later, disallowing the deduction based on that experience, requiring petitioner to use, and base its deduction claim on, its own experience.

The claim it makes here is that the Tax Court erred in holding that the petitioner did not show that in so doing respondent acted unreasonably and arbitrarily.

We cannot agree with this claim. On the contrary, we find ourselves in agreement with the commissioner that the findings and conclusion of the tax court fairly and fully state the facts and as fairly and fully canvas and deal with the contentions of petitioners and state and apply to them the applicable law. Without, therefore, further stating our reasons for doing so, we find it sufficient to declare that, upon the considerations advanced and the reasons given in the Tax Court's opinion, its judgment was right and should be affirmed.

Affirmed.

[1.] 24 T.C. 429.