*Municipal Court of the
City of Boston*

No. 274673

## FOREIGN MOTORS, INC.

v.

## NORMAN P. MAMBER

Argued: Nov. 30, 1973 - Decided: Dec. 12, 1973

*Present:* Lewiton, C.J., Glynn, Doerfer, JJ.

Case tried to *Foster, J.*

**Lewiton, C.J.** In this action upon an account annexed to recover a balance due for automotive repairs, the defendant's answer included a general denial, an answer of payment, and a denial of the plaintiff's status as a corporation and a demand for proof of its incorporation. There was a finding for the plaintiff and the case is here for review on the defendant's claim that he was aggrieved by the trial court's denial of the following rulings requested by the defendant:

> "2. There is no evidence of proof of incorporation by the Plaintiff".

> "3. There is no evidence of the identity of the Defendant".

The report discloses that the plaintiff offered evidence tending to show that it repaired an automobile owned by the defendant, that the fair and reasonable charges for the repair was $521.24, of which $200.00 had been paid by the defendant, leaving a balance remaining due and unpaid as of May 14, 1970 in the amount of $321.24. There was also introduced in evidence a certificate by the Secretary of the Commonwealth of Massachusetts, certifying that the plaintiff was incorporated on September 1, 1948 and that it still continued to have legal existence on October 3, 1972, the date of the certificate. The report further discloses that the defendant himself testified that

he had brought his automobile to the plaintiff's place of business, had contracted for the repairs and has in fact paid $200.00 on account.

In the light of this evidence, it is abundantly clear that there is no substantial basis for the defendant's claim of error in the denial of his requests for rulings that there was no evidence of proof of incorporation of the plaintiff and that there was no evidence of the identity of the defendant. In the alleged brief submitted to us by the defendant and in his appearance before us at oral argument, he submitted no argument worthy of the name. It is perfectly clear to us that his claim of a report in this case was frivolous and intended for the purposes of delay. This is, indeed, a most appropriate case for the imposition of double costs on the defendant. See *Sawyer* v. *Boyajian,* 303 Mass. 311, 313; *Modist* v. *Lynch,* 277 Mass. 135; *Dindo* v. *Meshaka,* 275 Mass. 113; G.L. c. 231, § 108.

**It is hereby ordered that the report be dismissed, with double costs.**

NORMAN P. MAMBER,
   Defendant, Pro Se.