WILLIAM P. SMITH *vs.* JOSEPH S. ARNOLD & another.[1]

Hampden.    September 20, 1976. — October 28, 1976.

Present: HALE, C.J., ARMSTRONG, & BROWN, JJ.

*Practice, Civil,* Service of process.    *Res Judicata.    Judgment.*

An officer's return that he had made service on a defendant in a civil action at his last and usual place of abode was conclusive between the parties to the action and the defendant's insurer as one in privity. [615-616]

A defendant in a tort action who filed a special appearance to challenge the jurisdiction of the court over his person was bound by the court's determination and could not relitigate that issue. [616]

---

[1] Utica Mutual Insurance Co.

BILL IN EQUITY filed in the Superior Court on June 3, 1974.

The suit was heard by *Tamburello, J.*

*Arthur J. McLaughlin* for the defendants.

*Thomas J. O'Connor* for the plaintiff.

ARMSTRONG, J.    This is a suit, brought on June 3, 1974, to reach and apply the obligation of the defendant insurer under a motor vehicle liability policy to pay a judgment of $9,658.83 which the plaintiff had recovered against the defendant insured in a tort action on January 21, 1974. The defendants' sole contention, both in the Superior Court and here, has been that the judgment recovered on January 21, 1974, against the insured was void because he had allegedly not been served with process. A judge of the Superior Court ruled to the contrary, and entered the judgment from which the defendants appeal.

The earlier action was commenced by writ on October 13, 1971. The return by the deputy sheriff stated that he had made service on October 15, 1971, by leaving a summons "at the last and usual place of abode of said defendant, to wit, at No. 19 Middlesex Street, in Springfield." No answer was filed, and the insured was defaulted. On November 7, 1973, the insured appeared specially (by counsel for the insurer) and filed a motion asking that the default be removed and that he be permitted to file an answer in abatement late. A Superior Court judge denied the motion on November 19, 1973. Damages were thereafter assessed in the insured's absence (the clerk having sent by mail notice of the hearing to the insured at 19 Middlesex Street), the case went to judgment, and an execution was issued but remains unsatisfied.

In the present suit the insured testified that he had lived at 19 Middlesex Street in Springfield prior to December 29, 1970, that he had then moved from that address to 931 Worthington Street in Springfield, that he had been living there in October, 1971, when the deputy sheriff attempted to make service, that he had not received actual notice of the pendency of the suit, and that he had

not received notice of the default. The trial judge did not specifically make findings; in discussion with counsel, however, he appeared to accept the insured's testimony, which was not contradicted, and to regard the issue before him solely as one concerning the legal significance of facts thus established.

The judge did not err in thereafter entering judgment for the plaintiff. On the merits, we think that the case is governed by the principle, recently applied in *Atlas Elevator Co. Inc.* v. *Stasinos, ante,* 285 (1976), "that the general rule in this Commonwealth is that, as between the parties and their privies, the return of the officer is conclusive as to all matters which are properly the subject of the return.... If the return is false, the remedy of the party injured is against the officer." *Union Sav. Bank* v. *Cameron,* 319 Mass. 235, 236 (1946), and cases cited. That service at 19 Middlesex Street, Springfield, was service at the last and usual place of abode of the insured, then admittedly a resident of the Commonwealth, is thus conclusive between the parties to that action and the defendant insurer as one in privity. *Atlas Elevator Co. Inc.* v. *Stasinos,* at 287. Contrast *Bay State Wholesale Drug Co.* v. *Whitman,* 280 Mass. 188, 194-195 (1932); *Rogan* v. *Liberty Mut. Ins. Co.* 305 Mass. 186, 188 (1940).

Apart from the conclusive effect of the officer's return, we think the case could be decided on principles of res judicata. By filing a special appearance in the tort action to challenge the jurisdiction of the court over his person, the insured subjected himself to the court's jurisdiction, at least for that limited purpose, and was bound by the judge's implied determination that the court had jurisdiction. *Madden* v. *Madden,* 359 Mass. 356, 361-362, cert. den. 404 U. S. 854 (1971), and cases cited. As no appeal was taken from the judgment which followed, the determination concerning jurisdiction became res judicata between the parties. Any other result would enable a defendant to litigate the question of jurisdiction twice. *Baldwin* v. *Iowa Traveling Men's Assn.* 283 U.S. 522, 525 (1931).

We note that the tort action was not one in which the

defendant had no actual notice or knowledge of the pendency of the action until after the case had gone to final judgment. See *Hardy* v. *Utica Mut. Ins. Co.* 369 Mass. 696, 700-701 (1976).

*Judgment affirmed.*