Welsh, J.
This is an action in contract for personal services.
The officer’s return of service indicates that the defendant was served by delivering a copy of the summons and complaint in hand to W. Roper, President and Officer in charge of its business, on October 17, 1979.
The defendant did not appear in the action. Judgment was entered upon the default of *196 the defendant on January 5, 1980 in the sum of $4500.00 with interest and costs.[1]
Execution was issued on January 16, 1980 and was served on the, defendant Immediately after service of the execution, the defendant brought a motion for relief from judgment. Rule 60(b), Dist./Mun. Cts. R. Civ. P.
At the hearing on the motion, the plaintiff directed the attention of the-cauiL£o_the return of service, showing service in hand. William Roper, on the other hand, testified apparently without objection that he had never been served with process and that he had no actual notice of the action until he was served with the execution. The basis for the motion for relief from judgment was that the judgment was void by reason of the fact that the court never acquired personal jurisdiction. Rule 60(b)(4), Dist./Mun. Cts. R. Civ. P.
The court denied the motion, ruling that it had no jurisdiction to allow it under authority of the case of Smith v. Arnold, 4 Mass. App. Ct. 614 (1976). At issue in this appeal is the propriety of this ruling.
It would be an anomaly, to say the least, that trial courts would have authority, on the one hand, to relieve a party of the consequences of a judgment in a case in which the party lost the opportunity for his day in court due to surprise, inadvertence, or his own excusable neglect where not the slightest doubt exists he was properly served and had adequate notice, and, on the other hand, to preclude granting of relief from judgment in a case where the party has had in fact no opportunity to be heard where the recitals of the officer’s return state that he was served. Such a remorseless application of the general rule that the officer’s return is conclusive as to those jurisdictional matters to which it relates would be tantamount to subjecting a person to a judgment when he has been denied an opportunity to be heard and offends the most rudimentary conceptions of due process of law.
The case of Jackson v. Lawrence, 1978 Mass. App. Div. Adv. Sh. 453 is directly in point. The Appellate Division vacated an order of the trial judge denying a motion for relief from judgment under Rule 60(b), Dist/Mun. Cts. R. Civ. P. The defendant had been defaulted and a default judgment entered when he did not appear and defend the action. The officer’s return indicated service upon the_dfifendant-by-leaving-at-and mailing to the defendant at his last and usual place of abode a copy of the summons and complaint. The defendant’s uncontradicted affidavit assertedjthat he-did-notreside at the address shown on the return and had not resided there for approximately six months. At the time of the supposed service upon him, he resided at a different address in the same town. Defendant claimed that the first notice he had of the action was the service upon him of the writ of execution. The appellate división held That "th<fjudgment entered against the defendant was void on the grounds of lack of due process. Id., at 461.
The only difference of possible jurisdictional significance between the Jackson case and the case before us is that in this case the return indicated “in hand’ ’ service, rather than service at the “last and usual” place of abode and by mailing. Since the issue is fundamentally one of notice and opportunity to be heard, the difference in the, mode of service should not evoke a different legal result. Undoubtedly, there are a number of valid policy considerations underlying the time honored rubric that as hetween the parties to an action and those in privity with them, the return of the officer is conclusive as to all matters which are properly the subject of the return. In our view, the rule was never intended to be applied so as to subject_ap_artyJo_a,judgmenl_ai±veEse-t0-hHH-in an action in which he has in fact had neither notice norrthe opportunity to defend.
As the opinion in the. Jackson case, supra, suggests, the cases whichinvoke the rule as *197 to conclusiveness of the officer’s return do so only when it appears that the defendant or the party against whom it is applied have had some actual notice of the pendency of the action and some opportunity to be heard prior to judgment See Hardy v. Utica Mutual Ins. Co., 369 Mass 696, 700 (1976); Atlas Elevator Co., Inc. v. Stasinos, 4 Mass. App. Ct. 285, 288 (1976); Smith v. Arnold, 4 Mass. App. Ct. 614, 616-617 (1976); Jackson, supra, at 462-463. No cases have been brought to our attention, nor does our own research disclose, any precedent where the rule of estoppel by record has been applied where the defendant has asserted or it otherwise appears that the defendant had no notice of the action prior to j udgment. On the contrary, a number of precedents permit the force of recitals of jurisdictional matters in an officer’s return to be overcome by testimony or other evidence rebutting the record. In Trager v. Webster, 174 Mass. 580 (1899), it was held that the uncorroborated testimony of the defendant that he had no notice of the action notwithstanding statements to the contrary in the officer’s return could be found sufficient to raise the question of notice to the defendant. Id, at 581. An earlier case of Carlton v. Bickford, 80 Mass. (13 Gray) 591 was cited. Although in both cases service was made outside this Commonwealth, both stand for the proposition that the acts and recitals of a court which never in fact acquired jurisdiction over the defendant cannot be binding upon him, nor can such acts and recitals be conclusive evidence of facts which would give them jurisdiction. Id., at 596. In Brewer v. Holmes, 42 Mass. (1 Met.) 288, in a well-reasoned opinion by Chief Justice Lemuel Shaw, the court held that the rule whereby a party was estopped to deny the jurisdictional facts recited in the officer’s return did not apply where the defendant had, without fault, been denied the benefit of a trial. Id., at 289. In an effective response to the often cited explanation that the remedy is to sue the officer who made the false return, the court said:
It is said the petitioner would have a remedy upon the officer for a false return, and, on showing his defense to the first action, recover back from the amount he had been compelled to pay. Supposing he could, which may be doubted, the result would be, that the present respondent, the original plaintiff; would have a sum of money, which, in the case supposed, he had no just claim to recover, and the officer would be compelled to pay a like sum, for a slight and perfectly innocent mistake. An officer goes to a house to leave a summons with John Smith; not knowing the person, he is led to believe, without fault of anybody, that his brother James Smith is the man he is looking for, and he leaves the summons with him and makes his return accordingly. This is a false return. If somebody must necessarily suffer loss, in consequence of this mistake, it is no doubt right that it should fall on him who made it. But if it is seasonably discovered, in time to prevent loss to anybody, why should not the remedy be applied, and the rights of all parties be saved? The effect of a review will be simply to give the petitioner opportunity to make a defense. If he cannot do this successfully, the respondent will have his judgment affirmed, with additional interest and costs. If he has a good defense, the respondent ought not in justice to hold and enforce the judgment he has obtained in the petitioner’s absence. We think the power confided to the court to grant reviews, in all cases where there is reasonable cause, and upon such terms as they deem just, is a highly important one. It is intended to relieve parties, in particular cases, against the injustice which must almost necessarily arise from the working of a general system; and we think it should be exercised, if possible, in such a manner, that whilst it shall prevent injustice and hardship in particular cases, it shall not encourage carelessness, ignorance, and general laxity of practice, in the conduct of causes in judicial tribunals.
*198 This principle was applied in James v. Townsend, 104 Mass. 367, 373 (1870)[2]. Although the Brewer and the James cases involved petitions for reveiw, G.L. c. 250, §21-36, as in effect prior to St. 1975, c.377, §148, the same result should pertain since the office performed by such petitions was subsumed by motions for relief from judgment under Rule 60(b), Dist./Mun. Cts. R. Civ. P.
It must be borne in mind that the testimony of a defendant contradicting recitals in the officer’s return to the effect that he was properly served warrants careful scrutiny by the judge as finder of fact. Such testimony should not be disqualified out-of-hand. The practical effect of such disqualification may be to foreclose the usual, and in some cases the only, remedy available to the defendant to obtain relief from a judgment void for want of personal jurisdiction.
It is apparent that the judge hearing the motion for relief from judgment assumed that he had no discretion to allow the motion because.of the rule as to the conclusiveness of the officer’s return. The matter must, perforce, be remanded to the trial court so that a determination might be made as to whether or not the defendant had notice of the action and an opportunity to be heard. If the judge finds that the defendant had such notice and opportunity, no error of law would be involved in the denial of the motion brought under Rule 60(b)(4), Dist./Mun. Cts. R. Civ. P.[3] The judge hearing the motion can best determine whether the taking of additional evidence would be appropriate for his determination.
The order denying the motion for relief from judgment is vacated and the cause is remanded to the trial court for a rehearing on this motion consistent with this opinion.

So ordered.

Dissenting, Rider, P. J. I must respectfully dissent from the majority opinion. I agree that the defendant is entitled to notice and an opportunity to be heard. However, I do not believe that this is the issue in the instant case. It can hardly be disputed that service in hand provides the defendant with notice and an opportunity to be heard. Although it was not annexed to the report, we are provided with a copy of the summons directed to Roper's Enterprises, Inc. with the return of the Deputy Sheriff reciting service “in hand to W. Roper, Pres, and Officer in charge of its business.” In my opinion, the principal issue in this case is whether the return is true or false.
There are several Massachusetts decisions involving the return of service but most, if not all, relate to service of process at the last and usual place of abode of the defendant. No successful challenge to service in hand in this Commonwealth to a Massachusetts resident has been brought, or come, to my attention. Quoting the principle applied in Atlas Elevator Co., Inc. v. Stasinos, 4 Mass. App. Ct. 285 (1976), the Massachusetts Appeals Court stated: “that the general rule in this Commonwealth is that, as between the parties and their privies, the return of the officer is conclusive as to all matters which are properly the subject of the return.... If the return is false, the remedy of the party injured is against the officer. ” Smith v. Arnold, 4 Mass. App. Ct. 614, 616 (1976). In both of these cases, unsuccessful challenges were made to the returns of service at the last and usual places of abode of the defendants.
If the Court is to permit a successful challenge to a return of service in hand merely upon the testimony of the defendant, then it appears that the entire vitality of the general rule is lost. Moreover, if the party injured is ever to be required to seek his remedy against the officer who allegedly made a false return, it would seem to be in a case where the return recites service in hand.
*199 In the case at hand, the defendant’s appeal to the Appellate Division is based upon the denial by the trial judge of defendant’s motion for relief from judgment. The defendant requested the court to find that the judgment was void due to insufficient service. The trial judge denied the motion, feeling that he lacked the discretion to grant it under Dist./Mun. Cts. R. Civ. P. Rule 60 (b) (4). A similar motion was brought under the same rule in the Atlas Elevator case {supra). In that case the Court said (at p. 288): “As the allowance of the motion was not required as a matter of law, the question whether it might be allowed for any other reason was addressed to the judge’s discretion.”
The trial judge was under the mistaken impression that he lacked discretion to grant the defendant’s motion. In the light of the Atlas Elevator case (supra) he might find that defendant’s motion for relief from judgment was filed seasonably, that the defendant has a meritorious defense, and that he should allow the motion in the interests of justice.
I would rule that the officer’s return is conclusive but would vacate the denial of defendant’s motion and return the case to the trial judge for reconsideration of the motion.

 We note that judgment was entered on the same date as the application foi default was received. It appears that there was no assessment of damages under Rule 55(b)(2). See Sound Sellers, Inc. v. Kaitz, 1981 Mass. App. Div. 36, 37-38.

 The doctrine that the record can be contradicted with respect to recitals in the return of service when .no jurisdiction was in fact acquired over the defendant appears well established by the end of the last century. See Hall v. Staples, 166 Mass. 399, 400 (1896); Bishop v. Donnell 171 Mass. 563, 565 (1898).

 No opinion is intimated as to whether relief from judgment might be available upon other grounds.