Staff, J.
This is an action in contract to recovery on certain promissory notes.
The only issue raised in the report relates to service upon the two individual defendants.
The return of service on the two individual defendants indicates that on December 7, 1979 they were served “by delivering at her (his) last and usual place of abode towit: No. 780 State Road in Dartmouth, Apt., at Flea Market, a true and attested copy thereof. Said service was done by order of the plaintiffs attorney, Philip H. Heller... and afterwards on 12/10/79 I did mail first class a copy of said summons to the above mentioned address.”
The complaint alleges that both defendants have “last and usual addresses at 179 Chace Road and 780 State Road...”.
The report states that the president of the plaintiff corporation repeated the representation of “last and usual addresses” in an affidavit filed with the court; however, the report is not clear as to whether this was the same affidavit filed in support of a motion for an attachment or a separate affidavit.
The supporting affidavit to the motion for an attachment recites in pertinent part that the individual defendants have “last and usual addresses at 179 Chace Road and 780 State Road...”. The affidavit goes on to say that the defendants own in addition to other property “[cjommercial building and land at 780 State Road...”. The same affidavit also states that “the defendants sold their residence at 179 Chace Road...and have left the New Bedford area.”
No other service was made on the defendants other than the so-called last and usual service and mailing as recounted.
After the defendants failed to appear in the action, judgment was entered by default against them. The defendants subsequently filed a timely motion for relief from judgment under Dist./Mun. Cts. R. Civ. P., Rule 60, supported by an affidavit alleging, inter alia that the address where service was made was not defendants’ last and usual place of abode and that this fact was known to the plaintiff.
*85 In a counter-affidavit, filed by the president of the plaintiff corporation, the affiant stated that the defendants at no time “convey(ed) to me or to the Bank any address or the whereabouts of their location after they disappeared from view in Massachusetts in November, 1979.”
The counter-affidavit also states that the affiant learned of defendants’ out-of-state mailing address from a friend of the defendants, without stating when that knowledge was obtained, and that affiant mailed a letter on December 13, 1979 to defendants at that mailing address without receiving a response.
The report also indicates that counsel for the plaintiff stated at the hearing on the Motion for Relief from Judgment that the defendants had informed him that they had sold their Chace Road property on November 13, 1979 and that they would be living at their State Road property. Plaintiffs counsel further averred that a notice of assessment of damages was mailed to defendants at both the State Road address and the out-of-state mailing address and that the mail was not returned as undeliverable.
The court denied the motion for relief from judgment and the defendants, claiming to be aggrieved by the denial, claimed a report.
The report states that it contains all the evidence material to the issue reported.
The case of Shapiro v. Roper’s Enterprises, Inc. 1981 Mass. App. Div. 195 presents a somewhat similar set of facts. In that case, there was contradictory evidence as to service, the return showing in hand service and the person allegedly served denying absolutely any service. In an excellent opinion by Judge Welsh, the court said that “a remorseless application of the general rule that the official’s return is conclusive as to those jurisdictional matters to which it relates would be tantamount to subjecting a person to a judgment when he has denied an opportunity to be heard and offends the most rudimentary conceptions of due process of law.” Id. at 196.
The case of Jackson v. Lawrence, 1978 Mass. App. Div. 453 is directly in point. In that case, service was made by leaving at and mailing to the last and usual place of abode. The defendant’s uncontradicted affidavit asserted that he did not live at the address shown on the return and had not lived there for six months. Defendant claimed that the first notice he had of the action was the service on him of the writ of execution. The Appellate Division voided the judgment against the defendant on the grounds of lack of due process. Id. at 461.
In Shapiro v. Roper, supra, the Appellate Divison relied on the Jackson case in remanding the case to the trial judge to permit him to make a determination whether the defendant had notice of the action and an opportunity to be heard. It was apparent that the trial judge was under the assumption that he had no discretion to allow the motion for relief from judgment because of the rule that the officer’s return was conclusive.
Although it is implicit from the denial of the Motion for Relief from Judgment in this case that the judge found that service of process was made upon the defendants at their last and usual place of abode, we are unable to determine from the record what subsidiary facts were found or whether the judge proceeded under the notion that the officer’s return was conclusive and he had no right to look beyond it.
We note that the report indicates that plaintiffs counsel made certain representations to the trial court as to his own personal recollections. We decry this practice; the unsworn representations of counsel should not be considered as evidence as to the matter of issue. We note that in some respects the representations made were in contradiction to his client’s affidavit.
*86 Inasmuch as we have all of the evidence before us on the issue, consisting of the various affidavits and the officer’s return, we are in the same position at this point as the trial court was in deciding the ii^ue as to the defendants’ last and usual place of abode.
We could return the case to the trial court as was done in Shapiro v. Roper, supra, for elucidation as to what facts were found; however, in this case the affidavits of the plaintiff and the officer’s returns are so equivocal and tenuous, one of the affidavits indicating that at about the time service was made the plaintiff s president knew that the defendants had an out-of-state mailing address and the defendants’ affidavits were uncontradicted as to the failure of the defendants to receive notice of the action that we think the better course of action is to rule that the Motion for Relief from Judgment should have been allowed and the defendants should be permitted to have their day in court.
Accordingly, the case is remanded for this action and further proceedings.