Black, J.
This is a civil action brought on May 26, 1982, by the plaintiffs, Claire F. Rogers and Paul F. Rogers, against the defendant, Nancy E. Shay, for losses allegedly resulting from the defendant’s failure to properly restrain and control her minor children.
The complaint sets forth various factual assertions, the essence of which are that the plaintiffs were first floor tenants of the defendant at 28 Belvoir Road, Milton, Massachusetts, commencing October 1,1980 and that shortly after the plaintiffs occupied the premises the defendant began to absent herself from her home (located on the second floor of the same premises) for weeks at a time leaving her children unsupervised and unattended. During these absences the defendant’s minor children were alleged to have repeatedly harassed the plaintiffs, threatened their health, welfare and safety by abusive language, vandalism and threats of physical harm, and that they substantially interfered with the plaintiffs’ use and enjoyment of their apartment. The complaint further alleged that while the defendant was absent it became necessary to call the Milton Police on several occasions to assist in controlling the defendant’s children. The plaintiffs claim that on several occasions between October 1981 and January 1982 when the defendant was home they informed her of the problems being created by her unsupervised children and asked her to restrain and properly supervise them. Allegedly, the defendant failed to take any steps to control her children with the result that on January 13, 1982, the plaintiffs’ apartment was broken into by the defendant’s minor daughter, Paula Shay, and the said child stole several heirlooms, rings, money, and other valuables. The police were called and she subsequently admitted the theft but none of the property was recovered or returned to the plaintiffs. The plaintiffs were forced to vacate their apartment due to the continued harassment by the defendant’s minor children, causing them additional expense.
Consequently, the plaintiffs sought recovery in the amount of $2,849.00 and special damages totalling $2,500.00 plus interest, costs, and reasonable attorney’s fees as provided under G.L. c. 186, § 14, under four counts: (1) *106 Interference with their quiet enjoyment of the premises, and causing great stress and mental suffering; (2) Violation of G.L. c. 186, § 14; (3) Negligence on the part of the defendant in that she knew or should have known of her children’s abusive, threatening and dangerous behavior towards the plaintiffs and did nothing to control or restrain their conduct or propensity to such conduct; and (4) Violation of G.L. c. 231, § 85G. An ex parte attachment was obtained by the plaintiffs on the defendant’s property.
Service was made upon the defendant by a Deputy Sheriff leaving a copy of the plaintiffs’ Motion and Affidavit for Ex Parte Attachment and a copy of the Writ of Attachment at her last and usual place of abode, 26-28 Belvoir Road, Milton, Massachusetts. The defendant did not file a timely answer and the plaintiffs requested a default on June 28,1982. A default was entered July 6, 1982 and notice thereof was sent to the defendant by the Clerk’s Office of the Quincy Divison. A hearing on the assessment of damages was originally scheduled for July 29,1982, notice of which was sent by mail to the defendant. It was rescheduled for August 19, 1982 and notice thereof was again sent to the defendant by mail on July 29,1982. The court, on August 6,1982, assessed $6,403.00 in damages upon the defendant, who did not appear at the hearing. Notice of the assessment was also mailed by the Clerk’s Office to the defendant. Judgment for the plaintiffs was entered September 8,1982, in the amount of $6,617.66 including costs. Execution was issued on September 21,1982, and a copy thereof was served upon the defendant on September 30, 1982 by a Deputy Sheriff leaving the same at her last and usual place of abode, namely 26 Belvoir Road, Milton.
On February 11, 1983, notice was mailed to the defendant by plaintiffs’ counsel advising her of the impending levy scheduled for March 29, 1983. During the week of February 22,1983, notice of the seizure and impending levy was published in the Milton Record Transcript. None of the notifications sent to the defendant were ever returned by the U.S. Post Office as undeliverable. On March 14,1983, the defendant filed a motion to dissolve that attachment as well as a Motion to Vacate Judgment and Stay Execution together with a supporting affidavit. A hearing on those motions was held on March 23,1983, and both motions were denied. On April 4,1983, the defendant filed a Motion to Stay Execution pending allowance of the defendant’s draft report. A draft report was also filed on that date. On April 5,1983, an amended draft report was filed and a second amended draft report was filed on May 31, 1983. The report was settled and allowed September 15,1983.
The defendant’s Motion to Vacate Judgment and To Stay Execution merely prayed for the vacating of judgment and stay of execution “for the reasons set forth in her affidavit.” In her sworn affidavit, the defendant acknowledged that she lived at -26 Belvoir Road, Milton, Massachusetts, but asserted that from February 1982 until late May of the same year the apartment was vacant and that during the summer of 1982 she vacationed with her family at Cape Cod. She denied having received either notice of the action or other notices in this case. She denies that her children were left unsupervised for weeks at a time and denies that she was given any notice of their alleged misconduct prior to the burglary other than that the children were noisy.
The plaintiffs also filed an affidavit in opposition to allowance of the defendant’s Motion to Vacate Judgment and Stay Execution in which it was stated that at all times pertinent to these proceedings the defendant’s legal residence was 26 Belvoir Road, Milton, Massachusetts, and that it was the address at which she received her mail. The affidavit further averred that the *107 East Cambridge Savings Bank, holder of the mortgage on the premises at all times during the pendency of this case, carried the defendant’s address as 26 Belvoir Road, Milton, Massachusetts, and that on April 8,1982 the bank filed foreclosure proceedings against the premises with legal notice being sent to that address. On June 9,1982, these proceedings were discontinued because the defendant had brought the mortgage up to date, apparently in response to the notice of foreclosure.
The plaintiffs point out that none of the notices delivered to the defendant at 26 Belvoir Road had ever been returned and that during the pendency of these proceedings the defendant had contacted plaintiffs’ counsel by telephone, indicating an awareness of the case and stating that her attorney would contact plaintiffs’ counsel. On March 8,1983, plaintiffs’ counsel again notified the defendant of the impending levy having heard nothing from either the defendant or her attorney. On March 10, 1983, present counsel contacted plaintiffs’ counsel advising that she represented the defendant and that she intended to bring motion to halt the Sheriffs sale.
The plaintiffs’ affidavit further aversJ-.hat based on infojmafeion-rerreTVed from the Milton Police numerous calls were made to the 26 Belvoir Road residence regarding disturbances caused by the defendant’s children during the months of October 1981 through January 1982. The children were found unsupervised late at night on numerous occasions. Additionally, the Milton Police report that the defendant was present at her home at various times during the summer of 1982 and during the month of August appeared at the Quincy Division of the District Court for ajuvenile hearing involving one of her children. The records of the Milton Police Department also contain an Incident/Arrest Report which substantiates the burglary of the plaintiffs’ apartment by the defendant’s daughter, Paula Shay, and her admission to the burglary. Copies of the pertinent Milton Police Department reports are appended to the plaintiffs’ affidavit.
As a basis for her motion and this appeal, the defendant asserts that she has been denied due process by virtue of her being denied an opportunity to be heard. For authority, she relies upon Jackson v. Lawrence. 1978 Mass. App. Div. 453, Shapiro v. Roper’s Enterprises, Inc., 1981 Mass. App. Div. 195, and Southeastern Bank and Trust, Company v. Woodhouse Realty and Development, Inc., 1983 Mass. App. Div. 84, all of which address the issue of proper service. In the Lawrence case, service was allegedly made noon the defendant by leaving at and mailing to the last and usual place of abode. The defendant’s uncontradicted affidavit asserted that she did not live at the address shown on the return and had not lived at the address for six months. The Appellate Division avoided the judgment against the defendant on the grounds of lack of due process. In the Shapiro case, the Appellate Division extended the rule to those situations where the return of service showed in hand service which was denied by the defendant. Like Jackson v. Lawrence, supra, the Southeastern Bank case involved the issue as to whether service was, in fact, made upon the defendant at his last and usual place of abode.
The defendant’s reliance upon this line of cases is misplaced under the facts sub judice. According to her own affidavit., sheHTaii times nercinenfto this matter had as her residence 26 Belvoir Road. Milton. Massachusetts. She does not deny that service was made at that address on the basis of last andusual place of abode. In essence, the thrust of her affidavit is that she voluntarily absented herself from her second floor apartment at 26 BelvoiFRoad for long periods of time and that she was vacationing on Cape Cod during the summer *108 of 1982; that by virtue of these absences she failed to receive timely notice of the proceedings against her. We have never held that a defendant’s voluntary absence from his/her legal residence or place of abode voids otherwise valid service, nor are we aware of any case authority to that effect. In our opinion, a person who voluntarily absents herself from her legal residence or place of abode without making some provisions for the handling of the receipt of lawful process and other important notices does so at her own peril. Failure to make such arrangements would be totally irresponsible.
Moreover, from the appellate record in this case, it is clear that, in fact, the defendant was present at her Milton residence at various times during the summer of 1982 and that she appeared in the Quincy Division of the District Court Department on ajuvenile matter sometime in August 1982. None of the court notifications were returned as undeliverable and the appellate record discloses that the defendant apparently received notices of foreclosure mailed to her at 26 Belvoir Road, Milton, by her mortgagee bank during the summer of 1982 and that she promptly paid the arrears.to avoid the foreclosure. In short, from the appellate record one might reasonably infer that the defendant received all of the notices addressed to her 26 Belvoir Road residence but that she chose to act upon some and totally ignored others. Therefore, the defendant’s claim of lack of due process is not supported by the record.
Perhaps more importantly, for the purpose of this proceedings, is the fact that although the defendant’s motion does not make reference to Dist./Mun. Ct. R. Civ. P., Rule 60 (b) (1), the trial judge treated the motion as essentially a Rule 60(b)(1) motion, and we think properly. The Appeals Court in Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430 (1979) established the following criteria for reviewing motions under Rule 60(b)(1):
(1) Whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom;
(2) Whether there is a showing that the claim sought to be reviewed has merit;
(3) Whether the neglected conduct occurs before rather than during trial;
(4) Whether the neglect was the product of a consciously chosen course of conduct on the part of counsel;
(5) Whether prejudice has resulted to the other party; and,
(6) Whether the error is chargeable to the party’s legal representative rather than the party himself.
Obviously, the application of these factors contemplates_a_halancing. of interests. In the instant case, even if it were assumed arguendo that the defendant was not aware of the legal proceedings against her until the end of the summer of 1982 when she returned from vacation, she did absolutely nothing for well over six months and then only when her property was about to be levied upon. Secondly, although the defendant denies responsibility for the conduct of her children and denies that she left them unattended for long periods of time, the appellate record strongly indicates that the plaintiffs would prevail on any trial on the merits. The defendant’s neglecbcommeiiced at the inception of these proceedings and continued up to tfle time of the impending levy upon her property. This neglect clearly appears to have been a course of action consciously chosen by the defendant. In some respects, this neglect may have continued through the appellate process in that counsel failed to appear for oral argument before the Appellate DivisioiuFinally, any further delay in the plaintiffs’ ability to satisfy their_jndgnnenfyagainst the defendant’s property could substantially-prejudice their-rights.
*109 Consequently, in applying the criteria established by Berube v. McKesson Wine & Spirits Co., supra, little, if anything, can be said in support of the defendant’s Motion to Vacate Judgment. We conclude that the trial judge properly denied the motion and that he did not abuse his discretion in doing so. Moreover, based upon the appellate record, we determine that the defendant had no reasonable expectation of winning_a_reversal in this case because the law is well settled on the issues presentedljy this app'gai. Her motion and appeal are, therefore, frivolous and apparently intended solely as a delaying tactic [see Allen v. Batchelder, 17 Mass. App. Ct. 453, 458 (1984)]. In accordance with our authority under Dist./Mun. Ct. R. Civ. P., Rule 64(i), we hereby impose double costs upon the defendant, [see Foreign Motors, Inc. v. Norman P. Mamber, 53 Mass. App. Dec. 56 (1973)]. We further determine that the assessment of damages made by the trial judge is_cansisteñt with the various counts contained in the complaint and the money damages prayed for.
The report is dismissed.