Dolan, P.J.
Plaintiff brought this action after the same action was dismissed in the Superior Courtfor lack of personal jurisdiction. We affirm the dismissal of this action based upon the prior adjudication in the Superior Court.
Plaintiff seeks to recover damages from the defendant, a Florida corporation, allegedly resulting from defendant’s negligent repair, in Florida, of plaintiffs seventy-five (75) foot steel boom. Prior to bringing this action, the same action was brought in the Superior Court alleging personal jurisdiction over the Florida corporation on the basis of the long-arm provisions of G. Le. 223A, §3. Defendant filed a Mass. R. Civ. P., Rule 12(b) (2) motion to dismiss for lackofpersonal jurisdiction which was allowed by that court. Plaintiffs motion for reconsideration was denied.
This new action was then brought in the Barnstable District Court Defendant moved to dismiss for lack of personal jurisdiction arguing that the Superior Court’s determination that there was no long-arm jurisdiction over the defendant was binding in this action. The motion to dismiss was allowed and this appeal followed.
The Superior Court had authority to make the determination as to whether or not *176 it had personal jurisdiction. Its ruling was binding on the parties unless set aside on appeal. Madden v. Madden, 359 Mass. 356, 361-362 (1971). As no appeal was taken from the Superior Court’s ruling, plaintiff is bound by that court’s determination. Smith v. Arnold, 4 Mass. App. Ct. 614, 616 (1976). The principle that there shall be but one adjudication of an issue between the same parties covers the issue of jurisdiction over a defendant’s person. Wayside Transp. Co. v. Marcell’s Motor Exp., Inc., 234 F.2d 868 (1st Cir. 1960).
While the plaintiff is precluded from relitigating the issue of long arm personal jurisdiction in this Commonwealth, plaintiff is notprecludedfrom litigating the matter on the merits in any jurisdiction where personal jurisdiction might be obtained. A Dist/Mun. Cts. R Civ. P., Rule 12(b) (2) motion to dismiss for lack of jurisdiction over the person is not an adjudication on the merits that would preclude a further action on the merits. See Rule 41(b) (3).
Report dismissed.