*Southern District*

## ABE THALL

v.

## MERRILL CHEVROLET, INC. and NORFOLK COUNTY TRUST CO., TRUSTEE

Argued: Oct. 28, 1970 - Decided: Dec. 10, 1970

*Present:* Murphy, P.J., Lee, Covett, J.J.

Case tried to *Colten, J.* in the Municipal Court of Brookline, No. 969/69.

**Murphy, P.J.** This is an action of contract commenced by trustee process on August 19, 1969, returnable September 22, 1969, containing two counts: Count one being a common count on account annexed whereby the plaintiff seeks to collect $980.00 owed him by the defendant for personal services; count two (which was added by amendment) also being a common count on account annexed whereby the plaintiff seeks to collect $480 owed him by the defendant for personal services. The defendant's answer is a general denial and payment.

An attachment of the funds of the defendant in the hands of the trustee was made within a day or two after action was instituted. Counsel for the defendant asked the plaintiff to assent to a surety bond which he would file to release the attachment without the necessity of a formal hearing. Plaintiff agreed to do so if furnished a copy of the bond. Plaintiff did not receive said copy until September 23, 1969. He then advised the court of his assent thereto.

After issue was joined, defendant promised the plaintiff during several telephone calls a copy of his answer. To date, he has not received it. However, defendant's file indicates it was sent to the plaintiff. Both parties filed interrogatories and they were answered.

Plaintiff moved to amend his declaration and moved to file further interrogatories. These

motions were marked for hearing December 16, 1969 and defendant advised plaintiff that he had no objection to the allowance of the motion to amend, but advised plaintiff of his intention to appear personally or through a representative to object to the motion for leave to file further interrogatories.

These motions were continued to December 23 and December 30, 1969 at the request of the defendant and not withstanding defendant's request for continuance, the defendant failed to appear on December 30, 1969 at the call of the motion list. Plaintiff informed the court of the defendant's desire to be heard and at the suggestion of the court, plaintiff waited for approximately one hour, while the court disposed of certain other court matters. Defendant did not appear and the motions were allowed.

Pursuant to an order of the court, the further interrogatories were answered and the plaintiff marked the case for trial, the same to be heard on March 10, 1970, giving notice of said marking to defendant's counsel. Thereafter, the case was on the trial list for a hearing on the merits and upon the failure of the defendant to appear at the call thereof, the defendant was defaulted.

On March 11, 1970, the defendant filed a motion to remove the default and a request for trial, both to be heard on March 24, 1970.

On March 24, 1970, at the call of the motion

list and trial list at 10:00 a.m., the defendant was defaulted for failure to appear and answer. Plaintiff remained throughout the entire call of the lists and then left the courthouse. Defendant called after 10:00 a.m., after plaintiff and his client had left the courthouse, and informed an employee of the court of his delay at the Probate Court and appeared shortly thereafter, without his client.

The motion was then assigned for hearing for March 31, 1970 and was also placed on the trial list. On March 31, 1970, Attorney Albert Auburn, representing Attorney Sullivan, appeared in court and presented the defendant's motion to have the default against the defendant removed and related to the court that the defendant had a meritorious defense without stating any facts to support said statement. He also presented to the court the following:

"That on March 9, 1970, Attorney Sullivan travelled to New York City with a client for a 3:00 o'clock appointment in Manhattan. Business on this matter was concluded early in the evening of March 9th and with his client registered at the Gramercy Park Hotel, East 26th Street and Lexington Avenue in Manhattan. Arrangements were made for an early flight departure from LaGuardia Field, so as to arrive in Boston and be present at the Municipal Court of Brookline for the call of the list and trial of this cause and action. While stepping out of the shower at approximately

7:00 a.m. on March 10, Attorney Sullivan accidently fell and sustained a bad laceration of the skull. He was removed to the Bellevue Hospital, 26th Street and First Avenue in Manhattan, and was unconscious until approximately 3:00 p.m. at which time he was too late to contact his fellow attorney representing the plaintiff or the court.

"Early in the morning of Wednesday, March 11, 1970, he spoke with the attorney for the plaintiff, who informed him of the actions of the court defaulting the defendant, and requested his assent for motion to remove the default, and to place the matter on a list for trial at a date convenient to him, and with permission of the court. He declined to grant assent."

The court denied the defendant's motion to have the default removed immediately after argument of both counsel on March 31, 1970.

The report states that it contains all of the evidence material to the issues reported. The defendant claiming to be aggrieved by the denial of the defendant's motion to have the default removed, hereby reports the same to the Appellate Division for determination.

Whether or not a default should be removed rests in the sound judicial discretion of the trial justice and the issue presented here is whether there has been an abuse of such discretion by the denial of the defendant's motion to remove the default. We think not.

Abuse of discretion has been defined as a view or action that no conscientious judge, acting intelligently, could honestly have taken. *Davis* v. *Boston Elevated Railway Company,* 235 Mass. 482. *Long* v. *George,* 296 Mass. 574. Discretion means a decision of what is just and proper in the circumstances. Only in rare cases can it be ruled that there has been an abuse of discretion amounting to an error of law. *Bresnahan* v. *Proman,* 312 Mass. 97.

The reported evidence indicates a course of dilatory action throughout. There is a history of delay in filing papers, failing to appear and in defaults which permeate the entire record.

We fail to see any abuse of discretion. On the contrary, we are of the opinion that the judge was fully warranted in not removing the default.

**There being no prejudicial error, an order should be entered dismissing the report.**

ALBERT AUBURN and
FRANCIS E. SULLIVAN,
both of Wellesley,
for the Defendant

CHARLES M. ROSENFELT of Boston, for the Plaintiff, likened the removal of a default to the vacation of a judgment and cited: *Hackney* v. *Butler,* 339 Mass. 605, 609: " '[The judge's] action should be exercised so as to promote and not to baffle an orderly and proper administration of justice, and not to encourage carelessness, ignorance, laxity or finesse of

practice in the courts.' . . . . . 'It would not be the exercise of sound judicial discretion to [remove a default] . . merely to relieve a party from the consequence of intelligent or intentional carelessness or laxity in the observance of established principles on his own part or that of his attorney." *Kravetz* v. *Lipofsky,* 294 Mass. 80, 83: "That discretion [to remove a default] should be exercised so as to promote an orderly administration of law and not to encourage carelessness, ignorance, or laxity in practice. Such [motions] should be allowed sparingly and only in aid of justice, and not to relieve against slovenly conduct not dictated by fidelity to the courts and intelligent loyalty to clients. Commonly they ought not to be granted when the [movant's] cause of complaint grows out of the negligence or misconduct of his attorney, but such an aggrieved person should be left to seek his remedy against the one responsible for the wrong; this is the general although not the inflexible rule. The refusal to grant such a [motion] ordinarily presents no question of law. (Citations)." *Russell* v. *Foley,* 278 Mass. 145, 148: "Sound judicial discretion implies calmness, conscience, courage, impartiality, wisdom and discernment of the just result . . . . It would not be the exercise of sound judicial discretion to [remove a default] merely to relieve a party from the consequence of intelligent or intentional carelessness or laxity in the observance of estab-

lished principles on his own part or that of his attorney. There must appear some merit in the contentions subsequently to be made, or proceedings later to be undertaken, by the party invoking the exercise of that discretion. Neither the public nor the adversary party ought to be put to further expense unless the ends of justice require the [prolongation] of the litigation. The [movant] . . . must show that he has a substantial and meritorious [defense] which requires further inquiry or trial in the courts. Such a [defense] means one worthy of judicial investigation because raising a material question of law meriting discussion and decision, or a real controversy as to essential facts arising from conflicting or doubtful evidence. (Citations).''

*Barnes* v. *Squires,* 193 Mass. 21, 25 : ''. . . .the petitioner was defaulted in the original case, and on his motion the default was taken off. Afterwards he was again defaulted, and his subsequent motion to take off the default was denied. This denial was within the discretion of the presiding judge, and is not a subject for an exception. (Citations).'' *Askinas* v. *Goldman,* —— Mass. —— (1969 AS 309).

## REPORTER'S NOTE

While a motion to remove a default is addressed to the sound judicial discretion of the presiding judge and while it may be granted ''for good cause shown,'' which includes excusable neglect or any other reason justifying

relief from the operation of the default, yet, it is an abuse of this discretion to remove a default unless a good excuse for the default is shown along with a meritorious defense, and lack of substantial prejudice to the plaintiff. *Wagg* v. *Hall*, 42 FRD 589, 590 and cc.