ATLAS ELEVATOR CO., INC. *vs.* MICHAEL STASINOS.

Middlesex.     April 12, 1976. — April 30, 1976.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Practice, Civil,* Service of process, Judicial discretion, Vacating judgment.

Allowance of the defendant's motion to vacate a judgment on the ground that he had not been served with process was not required as a matter of law where the return of the officer stated that the subpoena and notice had been left with an adult person at the defendant's last and usual place of abode. [287-288]

A judge did not abuse his discretion in denying the defendant's motion to vacate a judgment on the ground he had not been served with

process where he found that the defendant was aware of the litigation at an early stage, that his motion to vacate came unseasonably late, and that he failed to provide a convincing and detailed outline of his alleged defense. [288]

BILL IN EQUITY filed in the Superior Court on March 22, 1974.

A motion to set aside and vacate judgment was heard by *Lynch, J.*

The case was submitted on briefs.

*Morris J. Gordon & Jeffrey L. Musman* for the defendant.

*Herbert H. Hershfang* for the plaintiff.

HALE, C.J.  This is an appeal from the denial of a motion to vacate judgment. The plaintiff brought a bill in equity against the defendant on March 22, 1974, seeking to establish the defendant's indebtedness to the plaintiff and to restrain the transfer by the defendant of certain shares of stock until payment of any sums found due to the plaintiff. The defendant was served by means of substitute service pursuant to G. L. c. 223, § 31, by delivery of a subpoena and notice to the home of the defendant's wife (from whom he was separated) and his family at 15 Canterbury Drive, Peabody. The sheriff's return stated, "I served the within subpoena and notice and temporary restraining order upon the within-named defendant, Michael Stasinos, . . . and summoned him to appear and show cause at court as within directed, by leaving at his last and usual place of abode at No. 15 Canterbury Drive, Peabody, Massachusetts, a true and attested copy of the within precept, with an adult person." The defendant failed to appear at the time shown in the subpoena for the hearing on the application for a preliminary injunction; he filed no appearance or answer on the return day (May 6, 1974); nor did he do so at any time thereafter. The plaintiff moved for entry of a decree pro confesso on June 4, 1974. An interlocutory decree taking the bill to be confessed was entered the same day. On August 2, 1974, a master was appointed to assess damages, and the report

Atlas Elevator Co. Inc. *v.* Stasinos.

of the master was adopted by the court on September 13, 1974. Judgment was entered on October 23, 1974.

On December 23, 1974, the defendant moved to vacate and set aside the judgment, contending that the judgment was void as there had been no service of process on him and that the court therefore lacked jurisdiction to enter a judgment against him. After a hearing a judge of the Superior Court denied that motion.

The allowance of the defendant's motion was not required as a matter of law (Mass.R.Civ.P. 60[b][4]); the court had jurisdiction over the person of the defendant. The defendant's contention is that service was not made at his last and usual place of abode within the meaning of G. L. c. 223, § 31, because he had ceased to reside with his wife in February of 1974, and had taken up residence in Hyannis. We cannot accept that contention.

It has long been established "that the general rule in this Commonwealth is that, as between the parties and their privies, the return of the officer is conclusive as to all matters which are properly the subject of the return . . . If the return is false, the remedy of the party injured is against the officer [citations omitted]." *Union Sav. Bank* v. *Cameron,* 319 Mass. 235, 236 (1946), and cases cited therein. The fact that service was made at the last and usual place of abode in the Commonwealth known to the officer is one properly the subject of the sheriff's return. *Stewart* v. *Griswold,* 134 Mass. 391, 393 (1883). *Bay State Wholesale Drug Co.* v. *Whitman,* 280 Mass. 188, 194-195 (1932).[1] Although the sheriff's return in the present case did not state that the last and usual place of abode was known to him, that knowledge may be implied. *Joyce* v. *Thompson,* 230 Mass. 254, 255 (1918).

We see nothing inconsistent with our conclusion in the recent pre-judgment remedy due process cases, such as

---

[1] The rule under discussion does not apply where the defendant is a nonresident (*Bay State Wholesale Drug Co.* v. *Whitman, supra*), nor in a situation where the writ is invalid (*Union Sav. Bank* v. *Cameron, supra*). The defendant does not contend that either of those exceptions applies.

Atlas Elevator Co. Inc. *v.* Stasinos.

*Sniadach* v. *Family Fin. Corp.* 395 U. S. 337 (1969), *Fuentes* v. *Shevin,* 407 U. S. 67 (1972), and *North Georgia Finishing, Inc.* v. *Di-Chem, Inc.* 419 U. S. 601 (1975). The law of a State may result in the delay or postponement of a remedy without violating due process. See *Lindsey* v. *Normet,* 405 U. S. 56, 66 (1972); *Hardy* v. *Gissendaner,* 508 F. 2d 1207 (5th Cir. 1975).

As the allowance of the motion was not required as a matter of law, the question whether it might be allowed for any other reason was addressed to the judge's discretion. *Schulz* v. *Black,* 369 Mass. 958 (1975). In light of the judge's finding that the defendant was aware of the litigation at an "early stage" and chose not to appear for reasons of his own, "that his motion to vacate comes unseasonably late after such notice and deliberate inaction," and that the defendant failed "to provide a convincing and detailed outline of his alleged defense," there was no abuse of discretion.[2]

*Order denying motion affirmed.*

---

[2] In making that finding the judge examined all of the papers in the case which included, among other things, copies of letters addressed to the defendant at his admittedly correct business address, advising him of hearing dates and other matters concerning the litigation. The letters were not returned to the sender. The judge also noted with interest that an affidavit of Ellen Stasinos, with whom the process was left, was silent as to whether she had called her husband's attention to such process. The judge observed, "[I]f she had not, it would seem that such vital averment would have been paramount and included."