Black, J.
This appeal emanates from a Summary Process action commenced on August 7,1980, by the plaintiff, Ernest Cappuccino, to recover possession of the premises located at 106 Washington Street, Canton, Massachusetts, together with unpaid rent in the amount of $3,358.00 from the defendant, Joy Health Spa ofCanton, Inc. The defendant filed its answer on August 15,1980, denying that it held the premises unlawfully and asserting that it was at all times ready and able to render the rent due to plaintiff but said rent had been refused by the plaintiff. The defendant also filed a counterclaim, alleging a wrongful eviction, failure of the plaintiff to execute a new lease of the premises to the defendant, interference with advantageous relationships, harassment resulting in loss of business and damage to the defendant’s reputation in the business community and conversion.
The case was continued on several occasions with both the plaintiff and defendant present with counsel, including October 2,1980. On October 9,1980, the court entered a default judgment as follows:
Upon the call of the trial list, the Defendant defaulted. It has been ordered and adjudged by the court, Robert B. Sheiber, Justice, that the Plaintiff, Ernest Cappuccino, recover of the. Defendant, Joy Health Spa of Canton, the sum of $3,358.00 and costs in the amount of $35.50 and for possession. In counterclaim, that the Plaintiff, Joy Health Spa of Canton, take nothing, that the action be dismissed as to defendant, Ernest Cappuccino.
Approximately one year later, namely on September 30,1981, the defendant filed a Motion For Relief From Final Judgment under Dist./Mun. Cts. R. Civ. P., Rule 60(b), asserting that the defendant was present on the date the default judgment was entered and that it had a substantial defense in the form of counterclaim. The affidavit in support of the motion states inter alia that there had been various attempts to settle the summary process action and that the affiant (Jennifer Blake, an officer and a director of the defendant corporation) was under the impression that the matter had been resolved when former counsel for the defendant forwarded to the plaintiff the sum of $2,314.50, *118 representing one month’s rent, court costs, and the plaintiffs attorney’s fees. The affidavit further states that as of the date of default there was only one month’s rent due and that there was a security deposit equal to three month’s rent, more than adequate to cover any amount then due. The affidavit also stated that there was a civil action pending in the Norfolk County Superior Court in which the affiant and one Paul Raferty were plaintiffs against Ernest Cappuccino for damages and other relief occasioned by wrongful interference with plaintiff s business (Joy Health Spa)/
A hearing was held on October 22, 1981, with both sides present. The Motion For Relief From Final Judgment was allowed as to damages only. Judgment for possession was ordered to stand and the counterclaim was dismissed “by default not on the merits.”
The defendant in this action also contends that it is aggrieved by the trial court’s action in the summary process action because the Norfolk County Superior Court’s case is between the same parties, arises out of the same set of facts, and the causes of action are actually identical. Consequently, the defendant alleged that dismissal of its counterclaim in the summary process action may well deny the defendant its remedy in the Superior Court case.
The sole issue presented by this appeal is the propriety of the trial judge’s action on the Motion For Relief From Judgment. Clearly, the allowance or denial of a motion under Rule 60(b) for relief from judgment is largely within the discretion of the trial judge. The action of the trial judge will not be set aside in the absence of an abuse of discretion Nederlandsche Handel-Maatschappij, N.V. v. Jay Emm, Inc., 301 F. 2d 114 (2d Cir. 1962). The leading Massachusetts case on Rule 60(b) motions is Berube v. McKesson Wine & Spirits, Co., 7 Mass. App. Ct. 426, 430-431 (1979) which sets forth the following minimum criteria to be considered by a trial judge: (1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief; (2) whether the claim has merit; (3) whether the neglectful conduct occurs before trial as opposed to during or after the trial; (4) whether the neglect was the product of a conscientously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself. Those criteria obviously contemplate an equitable balancing of interests.
In this case, the defendant waited nearly a year before riling its Motion For Relief From Judgment. Although it appears that the defendant now has new counsel, no explanation has been advanced for the long delay in presentation of its motion. The issue of possession was then moot, as the appellate record shows that the defendant had been evicted after the plaintiff obtained his execution from the default judgment and additionally the trial judge vacated his assessment of damages (rent) following the hearing on the motion to reflect the fact that rent had been paid through the date of the original judgment. In dismissing the defendant’s counterclaim, the trial judge expressly stated that his dismissal was not on the merits. We also note that the action brought in the Norfolk Superior Court was commenced on August 6,1980, one day before the Summary Process action in the District Court. Consequently, the trial judge could have dismissed the counterclaim pursuant to Dist./Mun. Cts. R. Civ. P., Rule 12(b)(9) on the basis that there was a prior action pending in another court of the Commonwealth involving the same parties and the same issues. Furthermore, since the dismissal was not on the merits, it is difficult to perceive how the defendant had been prejudiced with respect to its Superior Court action.
We conclude, therefore, that the trial judge did not abuse his discretion in the *119 manner in which he acted upon the defendant’s Motion For Relief From Judgment. The report is ordered dismissed.