Tiffany, J.
This matter is an action in tort in which the plaintiff recovered a judgment and an assessment in the sum of $1,021.41 for property damage to his motor vehicle arising out of a motor vehicle accident involving the *8 defendant’s motor vehicle.
The facts in this case are not in dispute. The report sets forth that there was a motor vehicle accident on September 15,1981. Suit was initiated on March 24,1982, and service was made on the defendant at his last and usual place of abode; namely, 62 Kilby Street, Woburn, Massachusetts.
A default was entered under Dist./Mun. Cts. R. Civ. P., Rule 55(a) on April 28, 1982; and a motion for assessment was heard on July 27,1982. Proper notices were sent. On August 5,1982, a request for a default judgment was filed and heard, and judgment was entered.
On February 2,1983, the defendant filed a motion under Dist./Mun. Cts. R. Civ. P., Rule 60 for relief from judgment; and the plaintiff filed a brief in opposition. The motion was heard on March 8, 1983 and denied. •
The defendant, being aggrieved by the denial of this motion for relief, has claimed a report to this Division. The sole issue before this Division is the propriety of the trial judge’s denial of the motion for relief from judgment. The allowance or denial of a motion under Rule 60fh! for relief from judgment is largely within the discretion of the trial judge. Atlas Elev. Co. v. Stasinos, 4 Mass. App. Ct. 285, 288 (1976); Cappuccino v. Joy Health Spa of Canton, Inc., 1983 Mass. App. Div. 117, 118. The action of a trial judge will not be set aside in the absence of abuse of discretion. Abuse of discretion-consists of judicial action which no conscientious judge, acting intelligently, could honestly have taken. Thall v. Merrill Chevrolet, Inc., 45 Mass. App. Dec. 168, 173 (1970).
It is clear from the report that the plaintiff complied with G. L. c. 223, § 31 and Dist./Mun. Cts. R. Civ. P., Rule 5 as service was made at the last and usual abode of the defendant. It is also undisputed that the collision of the motor vehicles occurred on September 15,1981, and that the defendant filed a report with plaintiffs insurance company on October 14,1981 setting forth his home address as 62 Kilby Street, Woburn, Massachusetts.
The defendant appears to be in the unique position of conceding service in accordance with the General Laws and Dist./Mun. Cts. Rules of Civil Procedure, but claiming that he did not receive actual notice.
Under the rules prevailing in 1894, the defendant would have been correct; the Supreme Judicial Court ruled in 1894 that notice was not duly served unless it actually reached the addressee. Foley v. Talbot, 162 Mass. 462 (1894).
In the case sub judice, the plaintiff complied with the statutory requirements for proper service and the defendant concedes that the writ and service were valid. The defendant is requesting equitable relief which under the circumstances is not warranted.
If we were to construe the specific language of G. L. c. 231, § 31 and Dist./Mun. Cts. R. Civ. P., Rule 5 as broadly as urged by the defendant, we would be indulging in judicial legislation rather than statutory interpretation. The result desired by the defendant can only be obtained by legislative action, not by judicial construction.
We fail to see-any abuse of discretion. On the contrary, we are of the opinion that the trial justice was fully warranted in not removing the default. See Atlas Elev. Co. v. Stasinos, supra at 287.
There being no prejudicial error, an order should be entered dismissing the report.
So ordered.