## DEPARTMENT OF REVENUE *vs.* W.Z., JR.

Berkshire. March 4, 1992. - June 4, 1992.

Present: LIACOS, C J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Paternity. Estoppel. Collateral Estoppel.*

On the record of a civil nonsupport proceeding, the defendant was not enti-
tled to retroactive relief from the child support order after results of
court-ordered blood grouping tests excluded him as the father of the
child, where principles of issue preclusion barred the defendant from
contesting his paternity as to past support payments, since that issue
had been raised and decided in the nonsupport action and where, in any
event, the defendant presented no legal basis for retroactive relief from
the order; consequently, this court vacated a District Court judge's or-
der which had, in effect, directed the Department of Revenue to refund
all child support payments that the defendant had made. [720-722]

CIVIL ACTION commenced in the Pittsfield Division of the
District Court Department on March 15, 1988.

A motion for remittance of amounts paid for child support
was heard by *Alfred A. Barbalunga*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Jon Laramore*, Assistant Attorney General, for the
plaintiff.

*William A. Rota* for the defendant.

WILKINS, J. The defendant, who had been paying child
support pursuant to court orders based on judicial determina-
tions of his paternity, learned from the results of court-or-
dered blood grouping tests (conducted more than nine years
after the first determination of his paternity) that he was not
the child's biological father. He wants his money back. We
conclude that on this record he is not entitled to reim-
bursement.

In April, 1981, the Commonwealth filed a criminal complaint against the defendant in the Pittsfield District Court for nonsupport of a child born in June, 1980. See G. L. c. 273, § 15, as amended through St. 1977, c. 848, § 6. The defendant, represented by counsel, pleaded guilty, and, in May, 1981, a judge adjudicated him to be the father and subsequently ordered him to pay weekly support for the child through the court's probation office. Nothing in the record discloses when the defendant first learned of his right to seek blood grouping tests. The child has apparently been on public assistance at all relevant times, and all support payments have been made to the Commonwealth.

In March, 1988, after enactment of G. L. c. 209C, the civil paternity statute (see St. 1986, c. 310, § 16), the Department of Revenue (department), acting through its child support enforcement division and on behalf of the child's mother, commenced a civil action in the Pittsfield District Court to establish and enforce the defendant's obligation to support the child. In April, 1988, the defendant appeared in court, and a judge again adjudicated the defendant to be the father of the child and ordered that the defendant make current support payments of $50 a week and contribute $5 a week toward outstanding child support obligations.

In September, 1990, in circumstances not fully disclosed in the record, a judge suspended the support order, and the parties filed a stipulation for blood grouping and genetic marker tests. The test results excluded the defendant as the biological father of the child. A judge, therefore, permanently suspended the child support order. On December 11, 1990, the defendant filed a motion in the civil action for remittance of all amounts that he had paid for child support.[1] On January

---

[1] The motion states that the defendant seeks remittance of all monies paid "in the nature of child support with respect to the above captioned matter," referring in the caption only to the civil action. In his request for relief stated in the motion, the defendant asks for an order that the Department of Revenue remit all sums that he paid for support of the child, amounting to not less than $11,600. We shall assume without deciding that, based on a motion in this civil nonsupport paternity action, a judge

15, 1991, after a hearing at which no evidence was presented, a judge allowed the motion. We transferred to this court the department's appeal from the order allowing the motion.

Each side urges that equitable considerations require a decision in its favor. The defendant argues that he has been obliged to pay for the support of a child of whom he is not the father and that he, in fairness, is entitled to restitution. He contends in particular that, because the department has been unjustly enriched, it should return the amount of the support payments. He also argues that he is entitled to recover on a claim of money had and received. The fatal weakness in these equitably based claims is that the defendant made all the payments pursuant to court orders that he did not challenge by appeal, one order entered following his guilty plea and the other entered in a civil action in which he had an opportunity to challenge the allegation of his paternity. It is not enough to show that the orders for support were based on a "mutual" mistake of fact. The defendant must present a substantial basis for vacating those judicial orders.

The department asserts, in turn, that the defendant is equitably estopped from challenging his paternity.[2] It contends that, in the criminal nonsupport proceeding, the defendant could have contested his paternity and could have sought tests that would have disproved his paternity. See *Commonwealth* v. *Beausoleil*, 397 Mass. 206, 222 (1986). Instead, the defendant pleaded guilty. Similarly, as the department points out, the defendant could have challenged his paternity in the civil nonsupport proceeding and could have immedi-

could properly direct repayment of amounts paid as a result of the order entered in the earlier criminally based proceeding.

[2]This argument, if accepted, might also justify a continuation of the defendant's support obligation during the balance of the child's minority. The department has not, however, appealed from the order prospectively suspending the defendant's obligation to pay child support. The department's failure to appeal from that order does not foreclose any issue in its appeal from the order allowing the defendant's motion for reimbursement.

ately sought blood tests. He did not do so, and a judge again adjudicated him to be the child's father. It is unclear on this record, however, that the department has relied to its detriment on any explicit or implicit acknowledgment by the defendant of his paternity. Nor does the record show any detrimental reliance by the mother or the child, even assuming that the department may assert their rights. A case for equitable estoppel of the defendant, therefore, is not made on this record.

Principles of issue preclusion, however, bar the defendant from contesting his paternity as to past support payments because his paternity was necessarily determined in the civil nonsupport action. See *Anderson* v. *Anderson*, 407 Mass. 251, 255 (1990); *Fidler* v. *E.M. Parker Co.*, 394 Mass. 534, 539 (1985); *Olsen* v. *Olsen*, 294 Mass. 507, 509 (1936); Restatement (Second) of Judgments § 27 (1982).[3] The issue of his paternity was raised and decided in that proceeding. The record is uninformative as to details of the hearing in the civil proceeding. We accept the representation in the defendant's brief that he appeared in court on April 26, 1988, and was adjudicated the father of the child.

In any event, the defendant presents no basis for retroactive relief from the child support order. Although we shall assume that the defendant could be relieved from the prospective application of the support order under Mass. R. Civ. P. 60 (b) (5), 365 Mass. 828 (1974), rule 60 (b) presents no basis for retroactive relief from the support order.[4] Because

---

[3]The guilty plea in the criminal proceeding does not, however, bar the defendant from challenging paternity on the theory of issue preclusion. A guilty plea is not given preclusive effect as to any issue seemingly admitted by the guilty plea. *Aetna Casualty & Sur. Co.* v. *Niziolek*, 395 Mass. 737, 747 (1985).

[4]Motions under rule 60 (b) (1), (2), and (3) must be brought at least within one year of the challenged order. See *Chavoor* v. *Lewis*, 383 Mass. 801, 803 (1981). Rule 60 (b) (4), concerning void judgments, is inapplicable. Rule 60 (b) (5) by its terms does not apply here to afford retroactive relief from the order. There is no judgment that has been satisfied, nor is there any underlying prior judgment that has been reversed or otherwise vacated. Relief under rule 60 (b) (6) cannot be obtained on grounds for relief set forth in subparts (1) through (5) of the rule, such as mistake or

what we have said is dispositive of the defendant's claim for retroactive relief from the support orders, we need not decide whether the prohibition against any "retroactive modification" of a child support order stated in G. L. c. 119A, § 13 (*a*), inserted by St. 1987, c. 714, § 1, applies in the circumstances.

The order allowing the defendant's motion to remit, in effect directing the department to refund all child support payments that the defendant has made, is vacated. An order shall be entered denying the defendant's motion for remittance.

*So ordered.*

newly discovered evidence. See *Bromfield* v. *Commonwealth*, 400 Mass. 254, 256 (1987).