Sherman, RJ.
This is an action in contract to recover the balances due on unsecured promissory notes executed by the defendants. A default judgment was entered, and the defendants have appealed the denial of their motion for relief from that judgment.
In 1981, the defendants purchased property in Nantucket, Massachusetts from the plaintiff’s father and gave the promissory notes in question in partial payment of the $417,000.00 purchase price. In 1986, the defendants sold the property for $725,000.00 and relocated to Weybridge, England. They continued to make payments on the notes until November, 1989. The plaintiff’s father died in April, 1989. *139 By letter dated November 2,1989, the defendants informed the plaintiff that they would make no further payments on the notes because of alleged misrepresentations made by the plaintiffs father eight years earlier as to the condition of the Nantucket property. The letter advised the plaintiff to direct all further communications to the defendants’ home address in Weybridge.
Through British and American legal counsel and by direct correspondence with the defendants in Weybridge, the plaintiff endeavored unsuccessfully until the end of 1991 to negotiate a settlement The plaintiff commenced this action on October 20, 1993. Service was made by a British constable on November 18, 1993 who delivered a summons and copy of the complaint to the defendants’ home in Wey-bridge, and mailed copies to the defendants at the same address. The constable’s return of service was filed on November 30,1993.
On November 29,1993, less than two weeks after service, defendant William B. Flynn telephoned the plaintiff. He indicated that he had received the summons delivered to his home in England, and that his wife, defendant Gail Giblin Flynn, was angry that she had been named in the suit.
Upon the defendants’ failure to file an answer, the plaintiff requested a default in January, 1994. A default judgment was entered against the defendants on February 7,1994. On March 11,1994, a notice of appearance was filed on behalf of both defendants by their attorney. No motion or other pleading was filed contesting the jurisdiction of the court. Execution issued on March 18,1994.
The plaintiff filed a supplementary process action against the defendants in May, 1995. After participating in several hearings in that action, the defendants finally, on January 5, 1996, filed a motion for relief from the default judgment entered against them almost two years earlier in this case.
1. Despite their actual notice of the action against them at all relevant times, the filing of an appearance on their behalf approximately a month after judgment and before execution issued, and their subsequent two year delay in making any effort to vacate judgment, the defendants sought relief pursuant to Dist./Mun. Cts. R. Civ. P., Rules 60(b)(1), (b)(4) and (b)(6) solely on the grounds that the plaintiff failed to effect proper service of process. The motion judge correctly ruled that the defendants were in no way entitled to Rule 60(b) relief.
First, a Rule 60(b) (1) motion predicated on mistake, inadvertence, surprise or excusable neglect must be filed within one year of the entry of judgment. The defendants’ Rule 60 (b) (1) request, filed two years after judgment, was time-barred. Department of Revenue v. W.Z., 412 Mass. 718, 721 n. 4 (1992); Tibbitts v. Wisniewski, 27 Mass. App. Ct. 729, 731 (1989).
2. A Rule 60(b) (6) motion must be filed within a “reasonable time” after judgment, Wintkrop Corp. v. Lowenthal, 29 Mass. App. Ct. 180, 188 n. 9 (1990), and what constitutes a reasonable time in any given case rests within the discretion of the motion judge. Parrell v. Keenan, 389 Mass. 809, 815 (1983); Chavoor v. Lewis, 383 Mass. 801, 805 n. 4 (1981). There was no abuse of that discretion in the court’s determination that two years was not a reasonable time in which to file a Rule 60(b) (6) request, see Gottsegen v. Gottsegen, 397 Mass. 617, 628-629 (1986), particularly in the circumstances of this case wherein the defendants were fully apprised of the action from its inception.
Even if filed within anything approaching a reasonable time, the defendants’ motion presented no grounds for Rule 60(b)(6) relief. A Rule 60(b)(6) motion requires a demonstration of “extraordinary circumstances,” Bromfield v. Commonwealth, 400 Mass. 254, 257 (1987); Pentucket Manor Chronic Hosp., Inc. v. Rate Setting Comm., 394 Mass. 233, 236-237 (1985), for which relief would be unavailable under Rule 60(b) (1)-(b) (5). Bird v. Ross, 393 Mass. 789, 791 (1985); Fidelity Trust Co. v. Brennan, 1993 Mass. App. Div. 230, 231. As the defendants have never asserted that they were deprived of actual notice of the plaintiffs suit, compare Chavoor v. *140 Lewis, supra at 806, their contention that the default judgment against them was void because of invalid service constituted a claim cognizable under Rule 60(b) (1) and Rule 60(b) (4) for which Rule 60(b) (6) could not be properly invoked. See Spadorcia v. South Shore Oral Surgery Assoc., 17 Mass. App. Ct. 362, 363 (1984).
Nor have the defendants set forth any facts remotely suggesting the existence of a meritorious defense to the plaintiffs claim. In Re Hugh, 35 Mass. App. Ct. 346, 351 (1993). In their Rule 60(b) affidavit, the defendants admit liability for unpaid balances on the two promissory notes in question. In a supporting brief, there is a single, unsworn assertion, devoid of factual specificity, see New England Allbank for Sav. v. Rouleau, 28 Mass. App. Ct. 135, 142-143 (1989); Old Colony Bank & Trust Co. v. Tacey Transport Corp., 10 Mass. App. Ct. 825, 826 (1980); that the defendants "would not have purchased the property for the amount they paid” had it not been for undisclosed, alleged misrepresentations about Nantucket zoning requirements and the condition of the property. In an opposing affidavit, however, the plaintiff explains that the defendants had the benefit of a full engineer’s inspection report prior to the closing. Finally, in their brief to this Division, the defendants make no reference to alleged misrepresentations, but contend only that defendant William Flynn cannot be held personally liable because he executed one of the notes in a representative capacity as trustee of a realty trust. Such defense was never presented to the trial court, and will not be considered for the first time on this appeal. See McSweeney v. Cambridge, 422 Mass. 648, 652-653 (1996); CBI Partners Ltd. Partnership v. Chatham, 41 Mass. App. Ct. 923, 926 (1996).
3. Finally, the defendants argue that they are entitled as a matter of law to Rule 60(b) (4) relief because the default judgment entered against them was void. Generally, no discretion is afforded to a court to deny a Rule 60(b) (4) motion when a judgment is in fact void for lack of proper service. Field v. Massachusetts Gen. Hosp., 393 Mass. 117, 118 (1984); Jackson v. Corley, 1997 Mass. App. Div. 25, 26. Contrary to the defendants’ contention, however, the record does not compel a determination that service was invalid.
General Laws c. 223A, §6 provides, in pertinent part, that service outside of Massachusetts shall be made:
(1) by personal delivery in the manner prescribed for service within the Commonwealth; ...[3]
(3) by any form of mail addressed to the person to be served and requiring a signed receipt...
The constable’s return in this case states that service was effected by delivering a copy of the summons and complaint to the defendants’ last and usual place of residence in Weybridge, England, and by mailing copies of the same to the defendants. While the general rule is that an officer’s return of service is conclusive of the matters recited therein, Johnson v. Witkowski, 30 Mass. App. Ct. 697, 714 (1991); Lumber Mutual Ins. Co. v. Centore, 1992 Mass. App. Div. 218, 219, such rule is inapplicable where service is made on a nonresident defendant. Set Atlas Elev. Co. v. Stasinos, 4 Mass. App. Ct. 285, 287 n. 1 (1976). Moreover, the constable in *141 this case filed a subsequent affidavit indicating that he made several visits to the defendants’ Weybridge address prior to service; that he learned from tenants residing on the premises that the defendants had recently moved; and that a real estate agent handling the defendants’ prospective sale of their house to the tenants knew the defendants’ current address, had been given strict instructions not to divulge their whereabouts to anyone for any reason, but indicated that she would pass all mail along to them without delay. Such affidavit establishes that service by delivering process to the defendants’ last and usual abode was not perfected in compliance with G.L.c. 223A, §6(1) and Mass. R Civ. P., Rule 4(d) (1).
It is equally clear, however, that valid service pursuant to G.L.c. 223A, §6(3) and Rule 4(e) (3) was completed by the constable’s mailing of copies of the summons and complaint to the defendants.[4] The defendants argue that such service was improper because the constable did not utilize a form of mail “requiring a signed receipt” as prescribed by statute and rule. The purpose of a registered or certified mail requirement is, however, merely to facilitate or insure proof of delivery of notice. Cinder Products Corp. v. Schena Constr. Co, 22 Mass. App. Ct. 927, 929 (1986). Thus “if actual timely notice is proved... failure to comply with a registered or certified mail requirement is not a fatal deviation from statutory procedures.” Id. at 929. As indicated, the defendants not only have never denied actual timely notice of this suit, but also have failed to rebut the plaintiff’s averment that the defendants admitted receipt of the summons and complaint mailed by the constable to their Weybridge address. Accordingly, the service upon the defendants by regular mail was not insufficient as a matter of law.[5]
As the allowance of the defendants’ Rule 60(b) (4) motion was not required, the remaining question is whether the motion judge should, in the exercise of her discretion, have granted relief to the defendants. In denying the defendants’ relief from judgment, the motion judge made findings virtually identical to those reviewed by the Appeals Court in Atlas Elevator Co. v. Stasinos, supra which clearly demonstrate that there was no abuse of discretion in the judge’s ruling.
in light of the judge’s finding that the defendant was aware of the litigation at an early stage and chose not to appear for reasons of his own, that his motion to vacate comes unseasonably late after such notice and deliberate inaction, and that the defendant failed to provide a convincing and detailed outline of his alleged defense, there was no abuse of discretion.
Id. at 288. See also Massey v. Cloutier, 26 Mass. App. Ct. 1003, 1003-1004 (1988).
Accordingly, the denial of the defendants’ Rule 60(b) motion is affirmed. The defendants’ appeal is dismissed.
So ordered.

 Mass. R. Civ. R, Rule 4(d) states: “Service shall be made as follows: (1) Upon an individual by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode;...” Paragraph (e) of Rule 4 provides: “When any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (1) in any appropriate manner prescribed in subdivision (d) of this Rule;... or (3) by any form of mail addressed to the person to be served and requiring a signed receipt;...”

 We regard as nothing short of specious the defendants’ contention that there is no proof that they received a copy of the complaint because the plaintiff’s affidavit states only that the defendants admitted receiving the summons served at their Weybridge address. The constable’s return and his affidavit indicate that both documents were enclosed in a single “duly sealed and properly addressed envelope.”

 Given this conclusion, it is unnecessary to address the plaintiff’s additional contention that the filing of an appearance on behalf of both defendants by their attorney, which was unaccompanied by any defensive motion contesting the court’s exercise of personal jurisdiction over them, constituted a waiver of any service of process defects. See School Comm. of Boston v. Reilly, 362 Mass. 334, 335 (1972); In Re Petition of the Dept. of Public Welfare, 8 Mass. App. Ct. 872 (1979).